EXHIBIT A

**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN: 232780)
erome@romeandassociates.com
Sridavi Ganesan (SBN 216129)
sganesan@romeandassociates.com
Brianna Dahlberg (SBN 280711)
bdahlberg@romeandassociates.com
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:  310-282-0690
Facsimile:  310-282-0691

Attorneys for Defendants
ANOVOS PRODUCTIONS, LLC; and LUCASFILM
LTD. LLC (erroneously sued as DISNEY LUCASFILM,
LTD.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CATALANO, MATTHEW FERNANDES, ANDRE JOSEPH, ALEXANDER ALONSO, and RANDOLPH JONES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANOVOS PRODUCTIONS, LLC; and DISNEY LUCASFILM, LTD.,<br><br>Defendants. | Case No. 2:19-cv-04821- MWF(KSx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:  January 27, 2020<br>Time:  10:00 a.m.<br>Ctrm:  5A<br>Judge:  Hon. Michael W. Fitzgerald<br><br>Complaint filed:  June 3, 2019<br>TAC filed: November 18, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 27, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald of the United States District Court for the Central District of California, at 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Defendants Anovos Productions, LLC ("Anovos") and Lucasfilm Ltd. LLC (erroneously sued as "Disney Lucasfilm, Ltd.") (collectively, "Defendants"), by and through their counsel, will, and hereby do, move this Court for an order dismissing the Third Amended Complaint ("TAC"), filed by Plaintiffs Arthur Catalano, Matthew Fernandes, Andre Joseph, Alexander Alonso, and Randolph Jones, (collectively, "Plaintiffs") and being brought on behalf of a nationwide class and California, Washington, New York and Florida subclass, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The Motion is based upon the grounds the TAC fails to state facts sufficient to state (1) any cause of action against Lucasfilm Ltd. LLC; or (2) causes of action for fraud, breach of contract, violation of California Civil Code section 1750, negligent misrepresentation or intentional misrepresentation against either Defendant. [1] Pursuant to Local Rule 7-3, the Motion is made following the conference between Plaintiffs' and Defendants' counsel, which took place at approximately 3:50 p.m. on November 27, 2019.

The Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the [Proposed] Order filed concurrently herewith; other matters of which the Court may take judicial notice; the pleadings,

---

[1] Defendants do not move to dismiss the third, fourth, fifth, and six causes of action for violations of California Business & Professions Code § 17200, *et seq.*, Florida Statute § 501.201, *et seq.*, New York General Business Law § 349, *et seq.*, and Washington Revised Code § 19.86.010, *et seq.* against Anovos alleged in the TAC.

1   papers, and records on file herein; and upon such oral and/or documentary evidence

2   as may presented to the Court at the time of the hearing of this Motion.

3

4   DATED:  December 9, 2019          **ROME & ASSOCIATES, A.P.C.**

5

6

7                                          By:  _s/ Sridavi Ganesan_

8                                               Eugene Rome
                                                Sridavi Ganesan
9                                               Brianna Dahlberg
                                                Attorneys for Defendants
10                                              ANOVOS PRODUCTIONS, LLC;
                                                and LUCASFILM LTD. LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS ......................................................................2

      A.    Anovos ........................................................................................2

      B.    Arthur Catalano ..........................................................................4

      C.    Matthew Fernandes .....................................................................4

      D.    Andre Joseph ...............................................................................5

      E.    Alexander Alonso .......................................................................6

      F.    Randolph Jones ...........................................................................6

      G.    Lucasfilm ....................................................................................6

      H.    Class and Subclass Definitions ..................................................7

III.  LEGAL STANDARD ............................................................................8

IV.   ARGUMENT .........................................................................................9

      A.    Plaintiffs Fail to Allege a Cause of Action for Fraud and Intentional
            Misrepresentation .......................................................................9

            1.    *Plaintiffs' Fail to Allege a Misrepresentation of Fact* ...........10

            2.    *Plaintiffs Have Failed to Allege Justifiable Reliance.* ...........12

      B.    Plaintiffs Fail to Allege a Cause of Action for Negligent
            Misrepresentation .....................................................................14

      C.    Plaintiffs Fail to Allege a Claim for Breach of Contract Against
            Anovos .....................................................................................15

      D.    Messieurs Catalano and Fernandes Fail to Allege a Cause of Action
            for Violation of CLRA ...............................................................17

      E.    All Claims Against Lucasfilm Should Be Dismissed ......................17

            1.    *The TAC Alleges No Misconduct by Lucasfilm* ......................17

i

2.    *The TAC Does Not Sufficiently Plead Agency* ..........................19

V.    CONCLUSION .............................................................21

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Deloitte & Touche*,
  56 Cal.App.4th 1468 ...................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................8

*A-Z Bus Sales, Inc. v. City of Burbank*,
  Case No. B244867, 2014 WL 971677 (Cal. Ct. App. Mar. 13, 2014) ...............16

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003)...............................................................20

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................8

*Cadlo v. Owens-Illinois, Inc*,
  125 Cal.App.4th 513 ....................................................................9, 13, 14

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994)......................................................................8

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997)

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011)...................................................................8

*Desert Reg'l Med. Ctr., Inc. v. Glob. Excel Mgmt., Inc.*,
  No. ED CV 16-2181-DOC (Ex), 2017 WL 8116481 (C.D. Cal. July 26, 2017).20

*Doe v. United States*,
  58 F.3d 494 (9th Cir.1995)......................................................................8

*Goldman v. Sunbridge Healthcare, LLC*,
  220 Cal. App. 4th 1160 (2013)..............................................................20

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003)...................................................................8

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994)...................................................................10

*In re Jamster Mtkg. Litg.*,
  No. 05-cv-0819 JM(CAB), 2009 WL 1456632 (S.D. Cal. May 22, 2009) .........19

*Janney v. Mills*,
  944 F. Supp.2d 806 (N.D. Cal. 2013) ..............................................................17

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir.2008)...................................................................9

*McCormick v. Sony Pictures Ent.*,
   No. 07-cv-05697-MMM, 2008 WL 11336160 (C.D. Cal. Nov. 17, 2008) ...........9

*McNeil v. Wells Fargo Bank, N.A.*,
   13–5519 SC, 2014 WL 6681604 (N.D. Cal. Nov. 25, 2014) ..............................14

*Michaluk v. Vohra Health Servs., P.A.*,
   CIV S-12-1162 KJM CKD, 2012 WL 3993940 (E.D. Cal. Sept. 11, 2012) .......14

*Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*,
   967 F.2d 1516 (11th Cir. 1992)........................................................................18

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)............................................................................10

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................................9

*Oasis West Realty, LLC v. Goldman*,
   51 Cal.4th 811 (2011) ......................................................................................15

*Sater v. Chrysler Group LLC*,
   EDCV 14–00700–VAP (DTBx), 2015 WL 736273 (C.D. Cal. Feb. 20, 2015)..14

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985)............................................................................10

*Tenzer v. Superscope, Inc.*,
   39 Cal. 3d 18 (1985).........................................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)...........................................................................9

## **Rules**

Fed R. Civ. Proc. Rule 8 ....................................................................................15

Fed R. Civ. Proc. Rule 9(b) .......................................................................9, 14, 17

Fed R. Civ. Proc. Rule 12(b)(6)........................................................................1, 8

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Arthur Catalano, Matthew Fernandes, Andre Joseph, Alexander Alonso, and Randolph Jones, (collectively, "Plaintiffs") have filed a Third Amended Complaint ("TAC") on behalf of themselves, a putative nationwide class, and a putative California, Washington, New York, and Florida subclass against Defendant Anovos Productions, LLC ("Anovos") and Defendant Lucasfilm Ltd. LLC (erroneously sued as "Disney Lucasfilm, Ltd.") ("Lucasfilm") (collectively, with Anovos, "Defendants").

Plaintiffs allege that they each purchased products from Anovos' website relying upon representations therein regarding estimated product delivery dates, but that they never received the products nor any refund. Plaintiffs however now acknowledge in the TAC that Anovos' website clearly stated that (1) the delivery dates were only estimates; (2) these dates were subject to change at any time and for any reason; and (3) Plaintiffs should not purchase Anovos' products if Plaintiffs do not agree to Anovos' terms. Plaintiffs admit that they agreed to these terms when they purchased their respective products.

Plaintiffs' claims for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of the CLRA should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) because Plaintiffs still fail to allege facts sufficient to these state claims, despite having had three chances to amend their complaint. In addition, the last remaining studio defendant, Lucasfilm, should be dismissed from this action altogether because no viable claim has been asserted against it.[2]

*First*, Plaintiffs fail to allege any misrepresentations by Defendants, or to meet

---

[2] Defendants do not move to dismiss the third, fourth, fifth, and six causes of action for violations of California Business & Professions Code § 17200, *et seq*., Florida Statute § 501.201, *et seq*., New York General Business Law § 349, *et seq*., and Washington Revised Code § 19.86.010, *et seq*. against Anovos alleged in the TAC.

Rule 9(b)'s particularity requirement in pleading their fraud, negligent misrepresentation, intentional misrepresentation, and CLRA causes of action; and they fail to allege facts to demonstrate justifiable reliance. *Second*, Plaintiffs fail to allege that Anovos breached its contracts with Plaintiffs. *Finally*, Plaintiffs have failed to allege any facts showing that Lucasfilm engaged in any bad acts, controlled or participated in the purported misrepresentations or "fraudulent scheme," or that Plaintiffs relied on statements made by Lucasfilm to their damage.

For these reasons, the Court should grant Defendants' Motion.

## II.   STATEMENT OF FACTS

### A.   Anovos

Anovos is a manufacturer and seller of unique, high-end, high-quality uniforms and prop replicas from movies, television, and contemporary media.  Dkt. #46 at ¶ 27. Anovos sells these products on its website, anovos.com, and the products are purchased by Anovos' customers online. *Id*. Plaintiffs allege that Anovos' website marketed Star Wars memorabilia, and that the website "describes products for sale, their prices, estimated delivery dates, and terms and conditions of sale." *Id*. at ¶ 38. Anovos requires its customers to make upfront payments for pre-orders, including shipping and handling. *Id*. at ¶ 41. Plaintiffs allege that prior to and during these transactions of selling pre-ordered items, Anovos misrepresented to consumers that it was in the process of making the items, the anticipated delivery dates, and that the items would be delivered. *Id.* at ¶ 42.  Plaintiffs further allege that Anovos made similar representations in press conferences and social media posts upon which Plaintiffs relied when making purchases. *Id*. at ¶ 327. Plaintiffs allege that these representations were fraudulent because Anovos did not intend to make or deliver the pre-ordered items. *Id.* at ¶¶ 58-60.

Plaintiffs acknowledge that ***each of the products purchased by Plaintiffs were pre-orders***—*i.e*., products which existed in prototype form, but which had yet to be manufactured by Anovos' overseas suppliers. *See* Dkt. # 46 at ¶¶ 38, 78, 137,

2

139. Once the items were manufactured, they would be shipped to Anovos' fulfillment center in the United States, where quality control and safety testing would be completed before shipping. *Id.* at ¶ 56. If the products failed their testing, they would be redesigned or sent back to the manufacturer to be fixed. *See*, *e.g.*, *id.* at ¶ 78-79. As a result, the original estimated delivery times for pre-orders (barring any manufacturing delay or product testing issues) can be anywhere between 6 to 10 months. *See id.* at ¶¶ 206-08, 215-16, 222-24, 228-29.

In the TAC, Plaintiffs now acknowledge that the delivery dates for these products were only estimated delivery dates. *See id.* at ¶ 43 (a)-(b). Using the Kylo Ren Costume Ensemble as an example, Plaintiffs cite to Anovos' advertising on its website for this product including the product name, pictures, product description, price, size specifications, as well as disclaimers directly below these stating, for example, "[s]hipping estimated to begin by November 2016", and under "Delivery Estimate": "All items are subject to change in availability, features, and delivery dates at any time and for any reason." *See id.* at ¶¶ 44, 47, 48. Plaintiffs allege that Anovos instructed Plaintiffs and other similarly situated consumers to "NOT PURCHASE OUR MERCHANDISE" if they did not agree to Anovos' terms. *Id.* at ¶ 211. Plaintiffs allege that they agreed to these terms by clicking the "agree box" when making their respective purchased. *Id.*

Plaintiffs allege Anovos lied to the public by stating that items were shipped and out of delivery. *Id.* at ¶137. However, in the examples provided by Plaintiff taken from Anovos' website, Anovos represents that it "anticipates" receiving the products from its manufacturers, that final approval is "in process", and that the products are "undergoing safety testing". *Id.* at ¶ 137. In none of these examples does Anovos state that the products have been shipped to customers. *Id.*

Plaintiffs allege that, on April 11, 2019, Anovos posted a message on its website explaining that the delays customers experienced were due to production issues, which in turn led to a cancelation of pre-orders. *Id.* at ¶ 139. "Fewer pre-

1   orders let [sic] to a number of issues including an increase in raw goods pricing,
2   increase in per unit cost, a deprioritization of product… and cancellation of items
3   that no longer met the factory's minimum." *Id.*

4         Despite the long wait times and uncertain delivery dates for pre-order items,
5   many of Anovos' customers have told the company they believe its unique high-end
6   costumes and replicas are worth the wait. Dkt. # 29-2 at 9 ("The product you provide
7   [] is without doubt, the finest and most screen accurate props/costumes in the biz! ...
8   [M]any of us prefer quality over expedience . . ."); *id.* at 6 ("I have several unfulfilled
9   orders and have been waiting around the 2 year plus mark for one of them. I don't
10  want a refund, that would make the excruciating wait pointless . . . Don't give up! I
11  really am looking forward to the multiple helmets and costume I've waited patiently
12  for.").

13        **B.    Arthur Catalano**

14        Plaintiffs allege that Plaintiff Arthur Catalano ordered a Star Trek Survival
15  Suit Jacket via Anovos' website on September 4, 2016 and paid $580.54 inclusive
16  of shipping and taxes. *Id.* at ¶¶ 70-72. Plaintiffs allege that Anovos misrepresented
17  that the product would arrive in the first quarter of 2017 and provided notification
18  quarter by quarter that delivery would be delayed. *Id.* at ¶¶ 73-83. Despite not
19  receiving a product he ordered more than a year ago, on November 7, 2017, Mr.
20  Catalano made a second order for a Star Trek Phaser Pistol, for which he paid
21  $572.27 inclusive of shipping and taxes. *Id.* at ¶¶ 85-86. Plaintiffs claim Mr.
22  Catalano has yet to receive either of the products. *Id.* at ¶¶ 88-89.[3]  Plaintiffs do not
23  allege that Mr. Catalano requested a refund for either product from Anovos.

24        **C.    Matthew Fernandes**

25        Plaintiffs allege that on January 17, 2018, Plaintiff Matthew Fernandes
26  purchased a Star Wars Stormtrooper Helmet for $225, plus shipping, handling and

27
28  ───────────────────
    [3] In truth, Mr. Catalano received his Star Trek Phaser Pistol on or before May 6, 2019, three months ***before*** he joined this lawsuit as a plaintiff.

tax, for a total of $277.60. *Id.* at ¶¶ 90-92. Plaintiffs allege that Anovos falsely represented that the product would be delivered in Fall 2018. *Id.* at ¶ 93. On September 17, 2018, Mr. Fernandes received an email from Anovos advising that it had to reschedule the future delivery projection for the product to Winter 2018. *Id.* at ¶ 96. Mr. Fernandes did not receive the product and, in 2019, allegedly reached out to Anovos "on numerous occasions" to request a refund. *Id.* at ¶¶ 97, 99. Plaintiffs allege that Anovos advised Mr. Fernandes that production was complete and he would receive his product between March 20, 2019 and June 20, 2019. *Id.* at ¶ 100. In May 2019, Plaintiffs allege that Mr. Fernandes complained about Anovos' practices to Lucasfilm, which allegedly acknowledged awareness of the issue, and stated it would escalate his email with Anovos. *Id.* at ¶ 102. Plaintiffs claim that Mr. Fernandes has yet to receive the product or a refund. *Id.* at ¶ 103.

### D. Andre Joseph

Plaintiffs allege that on September 4, 2016, Plaintiff Andre Joseph ordered a Star Trek Beyond – Starfleet Survival Suit Jacket and paid Anovos $559.35 including taxes and shipping. *Id*. at ¶ 105. Plaintiffs allege that Mr. Joseph expected the jacket to be delivered by the summer of 2017 based on Anovos' representations on its website at the time of purchase. *Id*. at ¶ 106. Starting September 14, 2019 through August 21, 2018, Mr. Joseph received multiple email updates from Anovos explaining that the delivery will be delayed. *Id*. at ¶¶ 108-109. To date Mr. Joseph has not received his product. *Id*. at 110.

Like Mr. Catalano, Mr. Joseph also placed another order with Anovos even though he still had not received his first product for over a year. On November 11, 2017, Mr. Joseph purchased a Star Trek Phaser Pistol for $533.88. *Id*. at ¶ 112. Plaintiffs alleges that at the time of the purchase, the latest pre-order item at the time was scheduled for shipment in the Summer of 2018. *Id*. at ¶ 113. Plaintiffs allege that Anovos sent notices explaining that there were delays to his second order, but

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1    to date he has not received this order.[4]  *Id.* at ¶¶ 115, 117.  Plaintiffs do not allege

2    that Mr. Joseph requested a refund for either of his purchases from Anovos.

3        **E.    Alexander Alonso**

4        Plaintiffs allege that Plaintiff Alexander Alonso purchased a Star Wars Luke

5    Skywalker Rebel Pilot Helmet accessory on April 18, 2018 paying $390.92 plus

6    shipping and handling.  *Id.* at ¶ 118.  Mr. Alonso allegedly believed that the product

7    would be delivered by Fall of 2018 based on Anovos' shipping calendar found on

8    its website.  *Id.* at ¶ 119. Anovos allegedly delayed delivery of the shipment quarter

9    by quarter and Mr. Alonso still has not received his product. *Id.* at ¶¶ 121-122.

10   Plaintiffs do not allege that Mr. Alonso requested a refund for his purchase from

11   Anovos.

12       **F.    Randolph Jones**

13       Plaintiffs allege that Plaintiff Randolph Jones purchased a Star Trek Captain

14   Kirk Bomber Jacket for $350 on July 28, 2018, which he paid through a payment

15   plan.  *Id.* at ¶¶ 125, 130-131. Mr. Jones allegedly believed that the product would be

16   delivered by March 2019 based on Anovos' shipping calendar found on its website

17   and his belief that the product would be delivered after he completed the payments

18   of his payment plan with Anovos. *Id.* at ¶ 132. Plaintiffs allege that Anovos has

19   continued delaying delivery of his product and that the product still has not shipped.

20   *Id.*  at ¶ 132, 134.  Plaintiffs do not allege that Mr. Jones requested a refund for his

21   purchase from Anovos.

22       **G.    Lucasfilm**

23       Lucasfilm licensed to Anovos the right to manufacture and sell Star Wars

24   products, respectively, using its intellectual property. *Id.* at ¶¶ 5, 22. Plaintiffs

25   contend that Anovos is an agent of Lucasfilm. *Id.* at ¶ 22. Plaintiffs allege that

26   Lucasfilm profited from the licensing agreements with Anovos and that it "knew or

27   _____

28   [4] Mr. Joseph's Star Trek Phaser Pistol was shipped to him on or about December 9, 2019.

should have known of Anovos' scheme[.]" *Id.* at ¶¶ 160, 162, 166, 170, 173, 174-76. These allegations are largely the same in substance as Plaintiffs' prior First Amended Complaint ("FAC"), which the Court held did not state a claim as to Lucasfilm (or the other studio defendants which Plaintiffs have now dropped from the case). Dkt. # 36 at 17.

In the TAC, Plaintiffs have added new allegations that in December 2016, Lucasfilm promoted Anovos' "Rogue One: A Star Wars Story shore trooper helmet", and published an article about a costume designed by Anovos from "The Force Awakens" and worn by celebrity Adam Savage. *Id.* at ¶¶ 149-150. Plaintiffs allege that consumers reached out directly to Lucasfilm about their concerns with Anovos.  Specifically, Plaintiffs allege that Lucasfilm representative Jessica Santin sent an email to Mr. Fernandes apologizing for "the experience you have had with Anovos" and stating, "I have escalated your email to Anovos for immediate review and response." *Id*. Plaintiffs further allege that Ms. Santin further wrote:

> Please know, at the Walt Disney Company, we take customer service very seriously and the delay you have encountered with this company does not live up to our standards. If you do not receive an update on your purchase, please do not hesitate to get in touch with me.

*Id*.  Plaintiffs do not allege that Mr. Fernandes ever followed up with Ms. Santin further when he did not receive an update. Plaintiffs also allege that although Lucasfilm acknowledged the complaints, it still renewed its licensing agreement, authorized Anovos' conduct and "created and maintained a danger to consumers." *Id*. at ¶¶ 152-154, 156, 171.

## H.   Class and Subclass Definitions

In this iteration of the complaint, Plaintiffs define the nationwide class they seek to represent as:

> All persons with a California, Washington, Florida, and or New York billing address who paid for a pre-order product(s) from Anovos, and who have not received the product nor a refund from January 1, 2016 through the present.

7

1   *Id*. at ¶ 182.  Plaintiffs similarly define the proposed Subclass as:

2   > All persons with a California, Washington, Florida, and or

3   > New York billing address who paid for a pre-order
    > product(s) from Anovos that was (were) licensed by

4   > [Disney], and who have not received the product nor a
    > refund from January 1, 2016 through the present.

5   *Id*.

6   **III.   LEGAL STANDARD**

7           A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims

8   asserted in a complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir.

9   2003). Under this Rule, a district court properly dismisses a claim if "there is a 'lack

10  of a cognizable legal theory or the absence of sufficient facts alleged under a

11  cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th

12  Cir. 2011). A complaint must allege enough facts to state a claim against a particular

13  defendant that is plausible, not merely conceivable. *Bell Atl. Corp. v. Twombly*, 550

14  U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts

15  that "allow [] the court to draw the reasonable inference that the defendant is liable

16  for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he

17  court is not required to accept legal conclusions cast in the form of factual allegations

18  if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v.*

19  *Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). A plaintiff must

20  allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

21  *Iqbal*, 556 U.S. at 678.

22          Although the district court should grant the plaintiff leave to amend if the

23  claim can possibly be cured by additional factual allegations, (*Doe v. United*

24  *States*, 58 F.3d 494, 497 (9th Cir.1995)), the district court need not grant leave to

25  amend if amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d

26  1042, 1051–52 (9th Cir.2008) (finding that amendment would be futile where

27  plaintiff was granted leave to amend once and amended complaint contained same

28  defects as prior complaint).

## IV.   ARGUMENT

### A.   Plaintiffs Fail to Allege a Cause of Action for Fraud and Intentional Misrepresentation

Plaintiffs have alleged separate claims for fraud and intentional misrepresentation against Anovos. These two causes of action fail to state a claim because no misrepresentation has been alleged and the claim has not been pled with particularity. The elements of a fraud claim include: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).   In California, a claim for intentional misrepresentation is essentially equivalent to a fraud claim. *McCormick v. Sony Pictures Ent.*, No. 07-cv-05697-MMM (PLAx), 2008 WL 11336160, *8 (C.D. Cal. Nov. 17, 2008); *see Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1468, 1474 (1997) (identifying intentional misrepresentation as actual fraud).

The first element—misrepresentation—exists where the defendant makes a promise and at the same time lacks the intention to perform, also referred to as "promissory fraud" by California courts. *Id.* However, allegations of nonperformance alone are not enough to demonstrate the defendant's intent to not perform. *Tenzer v. Superscope, Inc.,* 39 Cal. 3d 18, 30 (1985).

The Ninth Circuit has established that claims for fraud and intentional misrepresentation must meet Rule 9(b)'s particularity requirement. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the *who, what, when, where, and how*' of the misconduct charged." *Vess*, 317 F.3d at 1103 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (emph. added). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id*. at 1106

(quoting *In re GlenFed*, *Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). These requirements "ensure that allegations of fraud are specific enough to give defendants notice of the misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

### 1.     *Plaintiffs' Fail to Allege a Misrepresentation of Fact*

It is unclear from the TAC what statements constitute the misrepresentation(s) upon which Plaintiffs are basing their claims. Plaintiffs generally allege that, "prior to and during these transactions of selling the pre-ordered items, Defendants misrepresented to consumers that the items: "(i) will soon be manufactured; (ii) will be shipped to consumers by certain dates; and (iii) that the orders would be fulfilled." *See* Dkt. # 46 at ¶ 201. Yet, Plaintiffs fail to point to any of these factual misrepresentations made by Anovos to any of the Plaintiffs as to the products they purchased.

In identifying the alleged misrepresentations at the time of purchase for each of the Plaintiffs, the TAC points to an example of a typical advertisement for sale on Anovos' website. Per Plaintiffs, this typical advertisement is a representative example of what representations an Anovos customer would see. *Id.* at ¶¶ 43-50.  A review of this typical advertisement shows that there is not a single representation as to when the products are expected to be manufactured, only that they are available for "pre-order." Moreover, implicit in the transactions is that the items would be delivered, but there is no affirmative misrepresentation as to that fact. *See id.*

With respect to the shipping/delivery dates, Plaintiffs makes the following allegations:

- When Catalano purchased a Starfleet Survival Jacket on September 4,

10

2016 and a Starfleet Phaser Pistol on November 7, 2017. Anovos misrepresented that the jacket would arrive in the first quarter of 2017, similar to "the typical representation by Anovos[,]" and misrepresented that the pistol would arrive by March 2018 "in a similar fashion to those of his previous order." *Id.* at ¶¶ 70, 73, 85, 87.

- Mr. Fernandes was induced into purchasing the helmet because of Anovos' representations as to the estimated delivery date, which Plaintiffs allege was made the same as the typical Anovos representation, i.e. under the photograph of the pre-ordered item. *See Id.* at ¶ 91.

- Mr. Alonso believed he would receive his purchased item by October 2018 based on the found on the "updates" page in Anovos' website that the item would be delivered in the Fall of 2018. *Id.* at ¶ 119.

- When Mr. Jones bought his product from Anovos, Anovos represented through its seasonal shipping calendar that the estimated delivery date was March 2019. *Id.* at ¶¶ 127-129.

However, these delivery dates are advertised as estimates only. *Id.* at ¶ 43(a)-(b). Indeed, as part of their "typical representation" Anovos even provides disclaimers directly below their product description stating, "Pre-order items are ***subject to change in availability*** and features" and "All items are subject to change in availability, features, ***and delivery dates at any time and for any reason***." *Id.* at ¶¶ 44, 48 (emphasis added). As such, the representations to Plaintiffs as to the delivery dates are estimates only that are subject to change at any time and are not firm delivery dates. Given these disclaimers, the allegations that Anovos kept extending their estimated delivery dates is not sufficient to demonstrate that Anovos misrepresented the delivery dates.

Plaintiffs also allege that Mr. Joseph believed his first purchase would be delivered in the summer of 2017 "based on Anovos' representations on its website",

11

but fail to allege what was the specific representation.  *Id*. at ¶¶ 105-106. To the extent Plaintiffs are suggesting that the representations are the same as the "typical" Anovos representation, these are estimated delivery dates only and are not misrepresentations. With respect to Mr. Joseph's second purchase in November 2017, Plaintiffs allege that "the latest pre-order item" was scheduled for shipment in the Summer of 2018 as found on the "updates" page. *Id*. at ¶ 113.  However, it is unclear if this "item" was the same product purchased by Mr. Joseph or a completely different product.  Indeed, based on the example Plaintiffs provide, the "updates" page lists multiple products with estimated delivery dates, not just one product.  *See id*. ¶ 45.

Plaintiffs make certain other allegations of misrepresentations that are also deficient.  They allege that, "Mr. Fernandes was induced by Defendants' marketing to purchase" a Star Wars: Last Jedi Stormtrooper Helmet Stormtrooper Helmet. *Id*. at ¶ 90.  However, Plaintiffs fail to allege what misrepresentations were made in the marketing for Mr. Fernandes to be induced to purchase the product, who made the marketing misrepresentations (Anovos or Lucasfilm), where he saw the misrepresentations (on a website, social media, etc.), and when it was made.

Plaintiffs also allege that Anovos repeatedly told Mr. Fernandes that his product would arrive shortly. *Id*. at ¶ 100. Yet, Plaintiffs do not allege who at Anovos made these representations, and how/by what means the representations were made.

Similarly, Plaintiffs allege that Mr. Joseph was enticed to purchase two of Anovos' products through Anovos' advertising, but fail to allege which advertising he is referring to, and where, when, and how he saw the advertising.  *Id*. at ¶ 104. Further Plaintiffs fail to allege what are the representations and how they are false.

For these reasons, Plaintiffs have failed to sufficiently allege a misrepresentation by Anovos.

### 2.    *Plaintiffs Have Failed to Allege Justifiable Reliance.*

An essential element of a fraud or intentional misrepresentation cause of

1   action is justifiable reliance of the misrepresentation made. *See Cadlo*, 125

2   Cal.App.4th at 519.   Not all the Plaintiffs are alleged to have made their purchasing

3   decisions by relying on the estimated delivery dates.

4          Plaintiffs do not allege that Mr. Catalano relied on the Anovos'

5   representations about the stated delivery dates to purchase his two products.  Dkt. #

6   46 at ¶¶ 70-74, 85-88. At best Plaintiffs allege that Mr. Catalano "observed

7   anticipated delivery dates prior to the purchasing of the item." *See id*. at ¶ 73.  This

8   observation is insufficient to allege that he based his purchasing decisions on the

9   representations of the alleged shipping dates. Similarly, Mr. Joseph and Mr. Alonso

10  both only allege that they believed that their purchased products would be delivered

11  by certain dates based on Anovos' representations on its website, but do not allege

12  that they relied on these representations in making the purchases. *Id*. at ¶¶106, 119.

13         Plaintiffs' general allegations that they reasonably relied on the truthfulness

14  of Anovos' online representations about the shipping dates is conclusory and

15  incomplete as they do not allege that reliance on these representations induced or

16  caused Plaintiffs to purchase the products. *See id*. at ¶ 199.

17         Nonetheless, even if all the Plaintiffs alleged facts showing that they relied on

18  Anovos' representations regarding the delivery dates in making their purchases, such

19  reliance is not justifiable as Anovos clearly represented under each advertisement

20  for sale on their website that the delivery dates are only estimates and that they are

21  subject to change at any time. *See id*. at ¶¶ 43(a)-(b), 44, 48.  Therefore, any reliance

22  that the products would be delivered at the specific date or time period stated at the

23  time of purchase, cannot be justifiable.

24         Plaintiffs also each allege that they continued to receive multiple

25  communications from Anovos revising the product delivery projections, but fail to

26  explain how each of these representations made many months ***after*** the orders were

27  made could have influenced their purchase decisions. *Id.* at ¶¶ 75-83, 96, 107-109,

28  115, 121, 132-133.

1   For these reasons, Plaintiffs have not pled justifiable reliance to support a

2   claim for fraud or intentional misrepresentation.

3   **B.    Plaintiffs Fail to Allege a Cause of Action for Negligent**

4   **Misrepresentation**

5   The same elements that comprise a fraud cause of action also comprise a cause

6   of action for negligent misrepresentation, except there is no requirement of intent to

7   induce reliance. *See Cadlo*, 125 Cal.App.4th at 519.  However, "[i]n both causes of

8   action, the plaintiff must plead that he or she actually relied on the

9   misrepresentation." *Id*.

10   There is a split in the district courts as to whether Rule 9(b) applies to

11   negligent misrepresentation claims.  However, many of these courts apply Rule 9(b)

12   when is appears the negligent misrepresentation claim is based on the same facts as

13   an also pled fraud or intentional misrepresentation claim, as in this case.  *See Sater*

14   *v. Chrysler Group LLC*, No. EDCV 14–00700–VAP (DTBx), 2015 WL 736273, *11

15   (C.D. Cal. Feb. 20, 2015);  *McNeil v. Wells Fargo Bank, N.A.*, No. 13–5519 SC,

16   2014 WL 6681604, *3 (N.D. Cal. Nov. 25, 2014) (applying Rule 9(b) where

17   "manner of Plaintiffs' pleadings indicates that the negligent misrepresentation claim

18   is really just an attempt to repackage the intentional misrepresentation claim");

19   *Michaluk v. Vohra Health Servs., P.A.*, No. CIV S-12-1162 KJM CKD, 2012 WL

20   3993940, *4 (E.D. Cal. Sept. 11, 2012) (applying Rule 9(b) where plaintiff asserted

21   claims of negligent and intentional misrepresentation). Here, Plaintiffs' negligent

22   misrepresentation claims are based on the same alleged misrepresentations as their

23   fraud and intentional misrepresentation claims.  *See* Dkt. # 46 at ¶¶ 199, 322, 327,

24   332.  As such, they should be subject to Rule 9(b)'s pleading standard.

25   Nevertheless, Plaintiffs' negligent misrepresentation claim also fails to meet

26   Rule 8's pleading standard. As discussed *supra*, Plaintiffs have failed to allege any

27   affirmative representation at the time of purchase that the purchased products would

28   be delivered (instead, this representation is implicit in the transactions themselves),

1   and as to when the pre-ordered products would be manufactured.

2       Further, Plaintiffs fail to allege a misrepresentation of fact that the orders will

3   be shipped by a certain date, as these dates are explicitly estimated shipping dates

4   and are subject to change at any time. *Id.* at ¶¶ 43(a)-(b), 44, 48.  Plaintiffs also

5   allege that Anovos made representations through press conferences and social media

6   posts that Plaintiffs relied upon, but fail to allege even what were these

7   representations and why they were false. *Id.* at ¶ 327.

8       Moreover, as discussed Section IV(A)(2), *supra*, Plaintiffs have not alleged

9   justifiable reliance.

10      Thus, even under the Rule 8 standard, Plaintiffs fall short of alleging facts

11  sufficient to state a plausible claim for negligent misrepresentation.

12      **C.**    **Plaintiffs Fail to Allege a Claim for Breach of Contract Against**

13               **Anovos**

14      Plaintiffs' second cause of action is for breach of contract against Anovos

15  alone. The elements for breach of contract are (1) existence of the contract, (2)

16  plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

17  (4) resulting damages to plaintiff. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th

18  811, 821 (2011).  This cause of action fails because Plaintiffs fail to allege the

19  element of breach.

20      Plaintiffs contend that Anovos breached Plaintiffs' contracts with Anovos for

21  the purchase of Anovos' pre-order products by failing to deliver these by their

22  "scheduled" delivery dates,[5] but the TAC elsewhere admits that the delivery dates

23  were estimates and subject to change "at any time and for any reason". *E.g.*, Dkt. #

24  46 at ¶ 43(b) ("This estimate was available to all Plaintiffs, and all consumers

25  purchasing the items. The delivery estimate read in bold: **Delivery Estimate**

26  [delivery estimate provided]."); *id.* at ¶ 48 ("All items are subject to change in

27

28  _____

[5] *E.g.*, Dkt. # 46 at ¶¶ 207-08 (alleging items were "scheduled to arrive by" March 31, 2017 and March 31, 2018, respectively).

1   availability, features, and delivery dates at any time and for any reason.").  Anovos

2   even warned (and Plaintiffs acknowledge) that if Plaintiffs and other consumers did

3   not agree to Anovos' terms, they were "NOT [TO] PURCHASE OUR

4   MERCHANDISE." *Id*, at ¶ 211 (emphasis in the original).  Plaintiffs admit they

5   agreed to Anovos' terms, including that the delivery dates were estimates, and that

6   they were subject to change at any time and for any reason, by checking the "agree

7   box" when they made their respective purchases.  *See id*. at ¶¶ 43(a)-(b), 48, 211.

8        Because the original delivery dates were *expressly identified* as estimates only

9   and not firm dates by which the products must be delivered, and Plaintiffs

10  acknowledged that these estimated delivery dates were subject to change, Plaintiffs

11  have no viable claims against Anovos for failing to deliver the orders by those stated

12  dates. *See A-Z Bus Sales, Inc. v. City of Burbank*, Case No. B244867, 2014 WL

13  971677, *3-4 (Cal. Ct. App. Mar. 13, 2014) (affirming no breach of contract where

14  seller failed to deliver products by estimated delivery dates due manufacturer

15  delays).

16       The TAC further admits that Anovos communicated revised shipping or

17  delivery estimates to each of the Plaintiffs. In many cases, those revised estimates

18  are approaching soon. Because Anovos may soon deliver the remaining Plaintiffs'

19  pre-orders within a reasonable timeframe from the revised estimates, Plaintiffs'

20  claims for breach of contract for failing to deliver the items are premature.[6]

21       Accordingly, Plaintiffs fail to state a claim for breach of contract and this

22  claim should be dismissed.

23

24

---

25  [6] Indeed, some of Plaintiffs' orders were delivered. Plaintiffs have admitted in their First Amended Complaint that former plaintiff, Richard Dalton, received one of his
26  products, a $9,000 Star Trek Discovery NCC – 1701 U.S.S. Enterprise Constitution Starship, before August 5, 2019, just two months after this litigation
27  was filed.  *See* Dkt. # 27, ¶ 54, fn 1. Similarly, Mr. Catalano, received his Star Trek Phaser Pistol on or before May 6, 2019, ***three months before*** he joined this action
28  as a plaintiff; and Mr. Joseph's Star Trek Phaser Pistol was shipped to him on or about December 9, 2019.

### D.   Messieurs Catalano and Fernandes Fail to Allege a Cause of Action for Violation of CLRA

Messieurs Catalano and Fernandes' fifth cause of action for Violation of CLRA is based on purported online advertising statements made by Defendants "representing that certain goods would be delivered on time." Dkt. # 27 at ¶ 314. In deceptive advertising cases involving allegations of fraud, "Rule 9(b) requires that the plaintiff(s) identify specific advertisements and promotional materials, allege when the plaintiff(s) were exposed to the materials; and explain how the materials were false or misleading." *Janney v. Mills*, 944 F. Supp.2d 806, 818 (N.D. Cal. 2013).

Plaintiffs refer to misrepresentations made through social media such as Anovos' twitter account, but Messieurs Catalano and Fernandes fail to allege what these specific misrepresentations are, why the representations are false, and when exactly they saw these misrepresentations.  *See* Dkt. # 46 at ¶ 201.

Moreover, as discussed above, the representations to shipping dates are not false because the shipping times were estimates only and subject to change at any time, per Anovos' representations underneath the description of each product advertised for sale on its website.  *See id*. at ¶¶ 43(a)-(b), 44, 48.  As such, the fact that Anovos kept extending their estimated delivery dates is not sufficient to demonstrate a misrepresentation.

Without such allegations, the CLRA cause of action is fatally defective.

### E.   All Claims Against Lucasfilm Should Be Dismissed

#### 1.   *The TAC Alleges No Misconduct by Lucasfilm*

In the TAC, Plaintiffs name Lucasfilm as a Defendant on the third cause of action for violation of the UCL, the fourth cause of action for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and eighth cause of action for negligent misrepresentation. The FAC fails to state sufficient facts to support any of these claims against Lucasfilm.

1    The FDUPTA claim does not allege a single allegation specific to Lucasfilm
2    and therefore fails to state any claim against it. *See id*. at ¶¶ 272-285. With respect
3    to the violation of UCL claim, Plaintiffs' only allegations with respect to Lucasfilm
4    are (1) that it "misleadingly suggests" to Anovos' customers that it can help them
5    with their issues with Anovos only to ignore them, and (2) that it continued to license
6    products to Anovos. Dkt. # 46 at ¶¶ 253, 256, 270. This claim, as well as the
7    negligent misrepresentation claim against Lucasfilm, are premised on the email
8    statements from Ms. Santin of Lucasfilm apologizing for consumers' experiences
9    with Anovos and stating that they do "not live up to [the Walt Disney Company's
10   standards," as well as "Disney's prominent marketing and presence with Anovos."
11   *Id*. at ¶¶ 154, 324. Plaintiffs further allege in their negligent misrepresentation claim
12   that Lucasfilm is liable because it "reaped the benefits of Anovos' conduct" and "did
13   nothing to prevent its continuance." *Id*. ¶ 325.

14   Even if true, these allegations do not state any viable claim against Lucasfilm.
15   This Court already concluded that the licensing relationship between Anovos and its
16   licensors, including Lucasfilm, did not create any "duty" under which Lucasfilm
17   could be held liable for the alleged torts of Anovos, or liable under the UCL. Dkt. #
18   36 at 16; *see Mini Maid Servs. Co. v. Maid Brigade Sys., Inc*., 967 F.2d 1516, 1520
19   (11th Cir. 1992) (trademark owner's failure to exercise control over its licensees
20   does not subject owner to tort liability). The TAC's allegations of Lucasfilm's
21   "continued licensing" and "prominent marketing presence" with Anovos are
22   unchanged in substance from the prior version of Plaintiffs' Complaint which this
23   Court already rejected.

24   The communications between Lucasfilm representatives and Anovos
25   customers also do not create any affirmative duty or basis under which Lucasfilm
26   can be held liable for Anovos' conduct. *See In re Jamster Mtkg. Litg*., No. 05-cv-
27   0819 JM(CAB), 2009 WL 1456632, *8 (S.D. Cal. May 22, 2009) (cable company's
28   knowledge of complaints concerning content provider's deceptive advertising was

1   "insufficient to show that [cable company] controlled, participated, approved,

2   marketed or otherwise adopted [content provider's] advertising practices."). Nor

3   does Ms. Santin's email to Mr. Fernandes contain any false or misleading

4   representations on which Plaintiffs relied. She explained that she helped oversee the

5   business relationship between the two companies, apologized for the experience he

6   had with Anovos, and told him that she had escalated his email to Anovos. Anovos

7   apparently failed to respond to the escalated email, but that is not within Lucasfilm's

8   control. If anything, these allegations show that Lucasfilm *lacked* control over

9   Anovos' actions—not the opposite, as Plaintiffs contend.

10      Further, even if Lucasfilm did not take action after responding to the

11   complaint, Plaintiffs have not alleged how they were damaged by such non-

12   response.  The only damages alleged to have been incurred by Plaintiffs is the money

13   paid for the products they purchased from Anovos.  Dkt. # 46 at ¶ 328. They had

14   already purchased the products in question by the time they contacted Lucasfilm,

15   and Plaintiffs do not allege how Ms. Santin's statements *after* the products were

16   purchased influenced their decision to purchase these products months before.

17           **2.    *The TAC Does Not Sufficiently Plead Agency***

18      In the TAC, Plaintiffs repeat their bare assertion from the FAC that Anovos

19   acted as an agent of Lucasfilm, but they still fail to allege any facts to support a

20   plausible agency theory. This Court held that the FAC failed to sufficiently plead

21   agency against Anovos' licensors, including Lucasfilm, noting that under the

22   plausibility standard set forth in *Twombly*, a plaintiff must "provide factual

23   allegations of more than labels and conclusions." Dkt. # 36 at 17 (quoting *Desert*

24   *Reg'l Med. Ctr., Inc. v. Glob. Excel Mgmt., Inc.*, No. ED CV 16-2181-DOC (Ex),

25   2017 WL 8116481, *4 (C.D. Cal. July 26, 2017). As already recognized by this

26   Court, the trademark licensing relationship between Lucasfilm and Anovos is not

27   sufficient to establish agency. *See Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir.

28   2003) (website sponsorship agreement conferring financial benefits not sufficient to

19

1   create agency).

2       The new allegations added to the TAC regarding Ms. Santin's email do not

3   save Plaintiffs' claims. To show that Anovos acted as an ostensible agent of

4   Lucasfilm, Plaintiffs must allege facts to make it plausible that Lucasfilm—not

5   Anovos—engaged in conduct (1) that created a belief in the minds of Plaintiffs that

6   Anovos was its agent, and (2) that Plaintiffs reasonably relied on upon that conduct.

7   *Desert Reg'l Med. Ctr.*, 2017 WL 8116481, *4 (quoting *Goldman v. Sunbridge*

8   *Healthcare, LLC*, 220 Cal. App. 4th 1160, 1173 (2013). As to the first element, Ms.

9   Santin's email does not plausibly suggest that Anovos is Lucasfilm's agent. While

10  she acknowledges the two companies have a business  relationship—which, as

11  explained above, is insufficient to create agency—her email is clear that "the Walt

12  Disney Company" and Anovos are two separate companies and expressly states she

13  will escalate Mr. Fernandes' email *to Anovos* (*i.e.*, the company from whom Mr.

14  Fernandes purchased the products) not to anyone internally at Lucasfilm or the Walt

15  Disney Company. *See* Dkt. # 46 at ¶ 154. Moreover, as to the second element, the

16  TAC does not allege that Mr. Fernandes or any other Plaintiffs relied upon Ms.

17  Santin's email. Plaintiffs therefore have failed to sufficiency plead agency.

18      Accordingly, Plaintiffs still fail to allege any viable claim against Lucasfilm,

19  despite having had three opportunities to amend their complaint. The Court has

20  already warned that it would deny further leave to amend. Dkt. # 36 at 25.  For the

21  reasons stated herein, Lucasfilm should be dismissed from the case with prejudice.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## V.      CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss the claims against Lucasfilm with prejudice, and the claims for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of the CLRA against Anovos with prejudice.

Dated: December 10, 2019              **ROME & ASSOCIATES, A.P.C.**


By:_____*/s/ Sridavi Ganesan*_____
                        Eugene Rome
                        Sridavi Ganesan
                        Brianna Dahlberg
                  Attorneys for Defendants ANOVOS
                  PRODUCTIONS, LLC; and LUCASFILM
                  LTD. LLC

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)