**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Ave., Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiffs
*Arthur Catalano, Matthew Fernandes,*
*Andre Joseph, Alexander Alonso, and Randolph Jones*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CATALANO, MATTHEW FERNANDES, ANDRE JOSEPH, ALEXANDER ALONSO, and RANDOLPH JONES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANOVOS PRODUCTIONS, LLC; and DISNEY LUCAS FILM, LTD.,<br><br>Defendants. | Case No.: 2:19-cv- 04821-MWF (KSx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXTRINSIC EVIDENCE AND STATEMENTS**<br><br>Date:   January 27, 2020<br>Time:  10:00a.m.<br>Ctrm:  5A<br>Judge: Hon. Michael Fitzgerald |

## I. INTRODUCTION

In their Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6) ("MTD"), Defendants Anovos Productions, LLC ("Anovos") and Disney Lucas Film Ltd. ("LucasFilm") (collectively "Defendants") improperly introduce irrelevant, unsupported commentary to bolster their MTD without citing to any authority to establish that its introduction is appropriate. Specifically, Defendants reference the wholly unsolicited and contradicting commentary regarding Anovos' purported deliveries to Plaintiffs Arthur Catalano and Andre Joseph in footnotes 3 and 4. Such commentary is undoubtedly outside Plaintiffs' Complaint in this action, and its introduction on a Rule 12(b)(6) motion is improper: a Rule 12(b)(6) motion is limited to testing the sufficiency of the pleading by looking to the four corners of the Complaint.

Therefore, Plaintiff requests this Court strike Defendants' footnotes 3 and 4 from the record because: (1) they constitute extrinsic material outside of the scope of 12(b)(6); (2) the footnotes do not constitute information subject to judicial notice under Federal Rule of Civil Procedure 201 (Defendants did not even request judicial notice of such information) and; (3) the footnotes lack proper foundation and raise arguments better suited for summary judgment.

## II. ARGUMENT

### a. Extrinsic Evidence Is Inadmissible in a 12(b)(6) Motion

It is a well-established rule that when examining the sufficiency of a complaint under 12(b)(6), the Court may only look to the complaint. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 22 (2007). "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted). The Ninth Circuit laid out the general rule regarding the inadmissibility of extrinsic evidence on a

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

12(b)(6) motion to dismiss in *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. Cal. 2006). As explained therein, "the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2009); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"); and, *Schneider v. California Dep't of Corrections*, 151 F.3d 1194 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint…"). Further, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Here, Defendants improperly attest to the delivery of Anovos' products to Messrs. Catalano and Joseph to directly dispute factual allegations in the TAC. However, these attestations were first introduced in Defendants' MTD and not in the TAC (or anyway referenced in the TAC). In fact, Plaintiffs contend the opposite —that the orders have not been fully fulfilled. Thus, Defendants' new facts directly contradict Plaintiffs' already pleaded factual allegations. Defendants conspicuously insert these footnotes as brand new facts without in any way authenticating, incorporating, or otherwise justifying their use in a Rule 12(b)(6) Motion. Otherwise, if such information is to be considered, the motion must be converted to one for summary judgment and Plaintiffs should be allowed to take discovery to oppose the MTD. Plaintiffs have not been afforded an opportunity to explore Defendants' factual contentions at this stage in the proceedings. Therefore, Defendants' extrinsic evidence is improper in their MTD.

### b. The Information in Defendants' Footnotes 3 & 4 Are Inappropriate for Judicial Notice

Only under certain limited circumstances, pursuant to Federal Rule of Evidence 201, may a court take judicial notice of "matters of public record." *Lee v.*

*City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).

Here, Defendants have failed to even request this Court take judicial notice of its extrinsic statements nor proffer a declaration delineating the source of the information stated. Defendant has thus waived any right to such arguments and may not raise them for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("arguments not raised by a party in its opening brief are deemed waived."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 fn.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Coos County v. Kempthorne*, 531 F.3d 792, 812 n. 16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief); *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (refusing to consider documents submitted with a reply brief), cert. denied, ––– U.S. –––, 128 S.Ct. 2964 (2008).

In addition, even if Defendants had requested judicial notice of the extrinsic evidence, Defendants' request would properly be denied because the subject of information is directly contested and disputed in the TAC. *See Western Watersheds Project v. Abbey*, 719 F.3d 1035, 1042 n.12 (9th Cir. 2013) (granting a motion to strike extra-record evidence and all references to those documents because they contained observations and conclusions that are not "generally known" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**OBJECTIONS TO DEFENDANTS' EXTRINSIC EVIDENCE AND STATEMENTS** — 3

### c. The Defendants' Improper Introduction of Extrinsic Evidence in Their MTD Should Be Stricken Because It Lacks Foundation, and Confuses the Issues.

Defendants' statements fail to lay any foundation and confuse the issues in this proceeding. Defendants' footnotes 3 & 4 seek to introduce facts that are not in the record and that have not been verified. Also, contrary to the purposes of a 12(b)(6) motion, Defendants utilize extrinsic evidence to implicate defenses to the merits of Plaintiffs' alleged facts and improperly contradict Plaintiffs' allegations. However, Plaintiffs' allegations in the TAC must be taken as true, and Defendants' unsolicited, self-serving statements in footnotes 3 & 4 of their MTD must be stricken. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).

Thus, because Plaintiffs' TAC expressly states that Messrs. Catalano and Joseph did not receive their complete orders from Anovos, Anovos' contradictory comments constitute "extraneous evidence [and] should not be considered in ruling on a motion to dismiss." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Hernandez v. Specialized Loan Servicing, LLC*, No. CV 14-9404-GW(JEMx), 2015 U.S. Dist. LEXIS 8695, at *9 (C.D. Cal. Jan. 22, 2015). Thus, the Court's review should not consider Defendants' extrinsic comments and, take Plaintiffs' allegations as true.

### III. CONCLUSION

The Court should disregard and strike Defendants' extrinsic comments because they are inadmissible and improper in the context of a motion to dismiss, not subject to judicial notice, and not incorporated within the complaint.

///

///

| | |
|---|---|
| Date: December 30, 2019 | Respectfully submitted, |
| | **Kazerouni Law Group, APC** |
| | By: *s/ Yana A. Hart* |
| | Yana A. Hart, Esq. |
| | *Attorneys for Plaintiffs* |