**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN: 232780)
erome@romeandassociates.com
Sridavi Ganesan (SBN 216129)
sganesan@romeandassociates.com
Brianna Dahlberg (SBN 280711)
bdahlberg@romeandassociates.com
2029 Century Park East, Suite 450
Los Angeles, CA  90067
Telephone:   310-282-0690
Facsimile:   310-282-0691

Attorneys for Defendants
ANOVOS PRODUCTIONS, LLC; and LUCASFILM
LTD. LLC (erroneously sued as DISNEY LUCASFILM,
LTD.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARTHUR CATALANO, MATTHEW FERNANDES, ANDRE JOSEPH, ALEXANDER ALONSO, and RANDOLPH JONES, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANOVOS PRODUCTIONS, LLC; and DISNEY LUCASFILM, LTD.,<br><br>        Defendants. | Case No. 2:19-cv-04821- MWF(KSx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:   January 27, 2020<br>Time:   10:00 a.m.<br>Ctrm:   5A<br>Judge:  Hon. Michael W. Fitzgerald<br><br><br>Complaint filed:  June 3, 2019<br>TAC filed: November 18, 2019 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................1

II.      ARGUMENT ..................................................................................2

   A.   Plaintiffs' Fraud and Intentional Misrepresentation Claims Are Not
      Sufficiently Pled ........................................................................2

      1.   Plaintiffs Failed to Allege a Misrepresentation of Fact..........................2

      2.   Plaintiffs Failed to Allege Additional Misrepresentations with
         Particularity ......................................................................4

      3.   Plaintiffs Failed to Allege Justifiable Reliance ...............................5

      4.   Plaintiffs Failed to Allege Intent to Defraud ..............................7

   B.   Plaintiffs' Negligent Misrepresentation Claim Is Inadequately Pled...8

   C.   Plaintiffs' Contract Claims Should Be Dismissed .................................9

   D.   Mr. Catalano and Mr. Fernandes' CLRA Claim Is Insufficiently Pled
      ........................................................................................12

   E.   All Plaintiffs' Claims Against Lucasfilm Should Be Dismissed..........13

      1.   The TAC Fails to State Any Direct Liability Claims Against
         Lucasfilm .........................................................................14

      2.   Lucasfilm Cannot Be Held Vicariously Liable for Anovos' Actions...18

   F.   Plaintiffs Fail to Address Their False Allegations in the TAC .................19

   G.   Leave to Amend Should Not Be Granted...............................................20

III.      CONCLUSION ..............................................................................21

# TABLE OF AUTHORITIES

## Cases

*Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266

   (S.D. Fla. 2007) .................................................. 18

*A-Z Bus Sales, Inc. v. City of Burbank*, 2014 WL 971677

   (Cal. Ct. App. Mar. 13, 2014) ............................ 11

*Beckwith v. Dahl*, 205 Cal.App.4th 1039 (2012) .................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ....................... 1

*Colgate v. JUUL Labs*, 402 F. Supp.3d 728 (N.D. Cal. 2019) ............... 19

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ..................... 4

*Corson v. Toyota Motor Sales, U.S.A., Inc.*, 2013 WL 1802709

   (C.D. Cal. April 24, 2013) ................................. 6

*Doe v. United States,* 58 F.3d 494 (9th Cir.1995) ................... 20

*Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952 (2002) ............ 18

*Fowler v. Wells Fargo Bank, N.A.*, 2019 WL 2503548

   (N.D. Cal. Jun. 17, 2019) ................................. 5

*Furla v. Jon Douglas Co.*, 65 Cal.App.4th 1069 (1998) ................ 3

*GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ............... 4

*Henry v. Sharma*, 154 Cal.App.3d 665 (1984) ..................... 10

*Houghland v. Roth Blum Packing Co.*, 99 Cal. App. 631 (1929) ........... 11

*Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982) ............. 17

*Jamster Mktg. Litig.*, 2009 WL 1456632 (S.D. Cal. May 22, 2009) .......... 17

*Janney v. Mills*, 944 F. Supp.2d 806 (N.D. Cal. 2013) ................ 13

*Jones & Laughlin Steel Co. v. Abner Doble Co.*, 162 Cal. 497 (1912) ......... 10

*Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889 (N.D. Cal. 2012) ......... 13

*Kashmiri v. Regents of University of* California,

   156 Cal.App.4th 809 (2007) .............................. 12

ii

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009).....................................12

*Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042 (9th Cir.2008)...................................20

*Kinsman v. Unocal Corp.*, 37 Cal.4th 659 (2005)...................................................16

*Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 101 (9th Cir. 2018)...............19

*Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011)........................................15

*Lazar v. Superior Court of Los Angeles County*, 12 Cal.4th 631 (1996).................2

*Lockheed Martin Corp. v. Network Solutions, Inc.,*
  194 F.3d 980 (9th Cir. 1999)...............................................................................17

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) .......................................................9

*Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.,*
  967 F.2d 1516 (11th Cir. 1992)...........................................................................16

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989).................4

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .........6

*Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008)...........16

*Oberlin v. Marlin American Corp.*, 596 F.2d 1322 (7th Cir. 1979).........................16

*Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal.App.4th 182 (2012) ............................15

*Resolution Trust Corp. v. Rossmoor Corp.*, 34 Cal.App.4th 93 (1995)..................16

*Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. Dist. Ct. App. 2006)........................15

*Romex Textiles, Inc. v. Shaston, Inc.*, 2018 WL 6167910
  (C.D. Cal. Jul. 20, 2018) ......................................................................................5

*Sussman v. American Broad. Cos., Inc.*, 971 F. Supp. 432 (C.D. Cal. 1997)...........2

*Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153 (1991)...................8

*Thrifty v. Payless, Inc. v. The Americana Brand, LLC*, 218 Cal.App.4th 1230
  (2013) ....................................................................................................................3

*Ucello v. Laudenslayer*, 44 Cal.App.3d 504 (1975)...............................................16

*UMG Recordings, Inc. v. Glo Eagle Entm't, Inc.*, 2015 WL 12746208
  (C.D. Cal. Oct. 30, 2015) ......................................................................................8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........................ 4, 12

*Yucesoy v. Uber Techs., Inc*., 2016 WL 493189 (N.D. Cal. Feb 9, 2016) ............. 13

**<u>Statutes</u>**

Cal. Civil Code § 1750 *et seq.* ................................................................................ 1

**<u>Rules</u>**

Fed. R. Civ. P. 8 ....................................................................................................... 8

Fed. R. Civ. P. 9(b) ........................................................................................ *passim*

Fed. R. Civ. P. 11 ...................................................................................... 11, 19, 20

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1   Defendants Anovos Productions, LLC ("Anovos") and Lucasfilm Ltd. LLC
2   (erroneously sued as "Disney Lucasfilm, Ltd.") (collectively, "Defendants"),
3   hereby submit their reply in response to Plaintiffs Arthur Catalano, Matthew
4   Fernandes, Andre Joseph, Alexander Alonso, and Randolph Jones, (collectively,
5   "Plaintiffs") Opposition to Defendants' Motion to Dismiss the Third Amended
6   Complaint ("TAC").

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

9   In their Opposition, Plaintiffs fail to demonstrate their claims meet the
10  plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
11  Specifically, with respect to their fraud, intentional misrepresentation claims, and
12  negligent representation causes of action, Plaintiffs fail to allege a
13  misrepresentation of fact and justifiable reliance or such misrepresentations that
14  would meet the heightened pleading standard of Federal Rule of Civil Procedure
15  ("Rule") 9(b). Plaintiffs' claim for violation of California Civil Code section 1750,
16  *et seq.* ("CLRA") also fails because no misrepresentation of fact has been
17  identified. As for their claims that Anovos breached the contracts, Plaintiffs
18  arguments are refuted by the facts that (i) Plaintiffs agreed that the delivery dates
19  were estimates only that were subject to change at any time for any reason when
20  they purchased their products, and (ii) the delivery times of one to three years is
21  not unreasonable given the complicated and time-consuming process involved to
22  make Anovos' unique and high-quality movie replicas.

23  Additionally, Plaintiffs are simply unable to state a claim against Lucasfilm
24  under either a direct liability or vicarious liability theory. Plaintiffs have not
25  alleged any representation by Lucasfilm that they relied upon when making their
26  specific purchases. Nor have Plaintiffs alleged facts to establish that Anovos was
27  the agent of Lucasfilm.

28

Accordingly, Defendants respectfully request that the Court grant their Motion and dismiss the first, second, seventh, eighth, and ninth causes of action of fraud, breach of contract, violation of CLRA, negligent misrepresentation and intentional misrepresentation against Anovos, and all causes of action against Lucasfilm. The Court should deny further leave to amend.

## II.   ARGUMENT

### A.   Plaintiffs' Fraud and Intentional Misrepresentation Claims Are Not Sufficiently Pled

The elements of the California tort of fraud and intentional misrepresentation are: (1) a misrepresentation of fact; (2) knowledge of falsity; (3) intent to defraud, which includes an intent "to induce reliance"; (4) justifiable reliance; and (5) damages. *See Sussman v. American Broad. Cos., Inc.*, 971 F. Supp. 432, 434 (C.D. Cal. 1997); *Lazar v. Superior Court of Los Angeles County,* 12 Cal. 4th 631, 637 (1996). As discussed in the Motion, Plaintiffs have failed to allege a misrepresentation of fact, justifiable reliance, or intent to defraud.

#### 1.   *Plaintiffs Failed to Allege a Misrepresentation of Fact*

Of the three misrepresentations alleged in the TAC as to Anovos—that the ordered products "(i) will soon be manufactured; (ii) will be shipped to consumers by certain dates; and (iii) that the orders would be fulfilled" (*see* Dkt. # 46 at ¶ 201)—Plaintiffs are unable to point to a single affirmative statement by Anovos to support the first and third misrepresentations. Specifically, other than the fact that the items are alleged to be "pre-orders" there is not a single allegation that Anovos represented when the products would be manufactured. Similarly, there is no affirmative representation by Anovos that the orders would be fulfilled.

With respect to the second alleged misrepresentation made by Anovos regarding the estimated shipping dates, Plaintiffs argue that the estimated delivery dates can be treated as misrepresentations of fact. Plaintiffs' argument fails for two reasons. First, the cases relied upon by Plaintiffs for this proposition, *Thrifty v.*

2

1  *Payless, Inc. v. The Americana Brand, LLC*, 218 Cal.App.4th 1230 (2013) and

2  *Furla v. Jon Douglas Co.*, 65 Cal.App.4th 1069 (1998) are distinguishable in that

3  both concern estimates as to existing, verifiable facts, *i.e.* square footage for the

4  purchase or lease of real property, whereas this case concerns an estimation as to

5  when a future event will take place. In *Thrifty*, defendants mispresented the

6  estimated square footage of the leased property, which related to the pro-rata share

7  of property tax that the plaintiff would be required to pay, such that after the lease

8  was signed, plaintiff was required to pay more than was initially believed based on

9  the estimate. 218 Cal.App.4th at 1235. In *Furla*, the defendants misrepresented the

10  estimated square footage of real property for sale by 20 percent, such that the

11  plaintiff paid significantly more per square footage than what he believed he was

12  paying at the time of purchase. 65 Cal.App.4th at 1072-75. In both cases, the

13  estimated values related to existing, verifiable facts, the misrepresentations of

14  which caused each of the plaintiffs to pay more than the value of the real property

15  being leased/purchased.

16      Here, the delivery dates are not as to existing, verifiable facts, but an

17  estimate as to a when a future event is anticipated to take place. All the products at

18  issue are admittedly pre-orders, meaning that they have not yet even been

19  manufactured. Further, the value of the products purchased from Anovos are not

20  related to the delivery dates of the products. Indeed, Plaintiffs do not allege that the

21  products purchased are of lesser value because they were not delivered by the

22  estimated delivery dates. Moreover, all the cases cited by Plaintiffs concern

23  misrepresentations related to real property, with *Furla* relying upon governing law

24  concerning a seller/real estate broker's duties and related representations to a buyer

25  of real property. *Id*. at 1077. This case does not concern the sale or least of real

26  property.

27      Second, Plaintiffs fail to address the disclaimers included below Anovos'

28  product descriptions that the "Pre-order items are ***subject to change in availability***

and features" and "All items are subject to change in availability, features, ***and delivery dates at any time and for any reason***", which reinforce the fact that the delivery dates are not necessarily a reliable indicator of when the products would be delivered.[1] Dkt. # 46, ¶ 44, 48, 98.

Plaintiffs' allegations of subsequent statements by Anovos about delays in production and expectations as to shipment that were made ***after*** the products were purchased are not representations that Plaintiffs could have relied upon when purchasing their products in the first place, and so cannot be a basis for Plaintiffs' fraud and intentional misrepresentation claims.

As the delivery dates are estimates that are explicitly stated to be subject to change at any time and for any reason, Anovos' statements as to the estimated delivery dates cannot be representations of fact.

## 2. *Plaintiffs Failed to Allege Additional Misrepresentations with Particularity*

Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the *who, what, when, where, and how*' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (emph. added). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id*. at 1106; (quoting *In re GlenFed*, *Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiffs argue that they are not required to allege every misrepresentation, but to the extent Plaintiffs relied on certain misrepresentations when they

---

[1] In contrast, in *Furla*, the defendant's listing of the property for sale which included the square footage, stated that "Information Deemed Reliable But Not Guaranteed". *Furla*, Cal.App.4th at 1072.

1  purchased their products, these must be alleged. For example, they allege that,

2  "Mr. Fernandes was induced by Defendants' marketing to purchase" a Star Wars:

3  Last Jedi Stormtrooper Helmet Stormtrooper Helmet. Dkt. # 46, ¶ 90. However,

4  Plaintiffs fail to allege what misrepresentations were made in the marketing for Mr.

5  Fernandes to be induced to purchase the product, who made the marketing

6  misrepresentations (Anovos or Lucasfilm), where he saw the misrepresentations

7  (on a website, social media, etc.), when it was made, and how those

8  misrepresentations were false.

9      Similarly, Plaintiffs allege that Mr. Joseph was enticed to purchase two of

10  Anovos' products through Anovos' advertising, but fail to allege which advertising

11  he is referring to, or where, when, and how he saw the advertising. *Id*. at ¶ 104.

12  Further, Plaintiffs fail to allege what these representations are and how they are

13  false.

14      Without the missing factual allegations, Plaintiffs have simply failed to meet

15  Rule 9(b)'s pleading requirement.

16              **3.    *Plaintiffs Failed to Allege Justifiable Reliance***

17      Plaintiffs all but admit that (other than for Mr. Jones) they failed to assert

18  any allegation that they were induced to purchase their respective Anovos products

19  based upon Anovos' representations of the estimated shipping dates. Instead,

20  Plaintiffs argue that it is reasonable to infer that they expected to receive their

21  purchased items near the anticipated delivery dates. *See* Dkt. # 49, 19:20-20:2.

22      Because justifiable reliance is an essential element of any fraud claim, a

23  complaint must contain sufficient ***factual*** allegations of justifiable reliance to

24  survive dismissal. *See Fowler v. Wells Fargo Bank, N.A.,* Case No. 18-cv-01254-

25  MMC, 2019 WL 2503548, *3 (N.D. Cal. Jun. 17, 2019); *Beckwith v. Dahl*, 205

26  Cal.App.4th 1039, 1066; *Romex Textiles, Inc. v. Shaston, Inc.*, No. 2:18-CV-

27  00578-RGK-JEMx, 2018 WL 6167910, *5 (C.D. Cal. Jul. 20, 2018) ("When

28  alleging fraud, the complaint must contain allegations of facts showing that the

Plaintiff's inducement was 'justifiable or reasonable.'"). There is no legal authority to support Plaintiffs' position that inferred assumptions are sufficient to show justifiable reliance.

As stated above, claims for fraud and intentional misrepresentation must meet Rule 9(b)'s particularity requirement. *Vess*, 317 F.3d at 1103–04; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  To sufficiently allege justifiable reliance, Plaintiffs must allege facts showing that they "'justifiably bought the product[s] in the first place ... because of [Anovos'] misrepresentation[s] or deceptive conduct.'" *See Corson v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 12-08499 JGB (VBKx), 2013 WL 1802709, *8 (C.D. Cal. April 24, 2013) (citations omitted); *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1063 (2012) ("The plaintiff must plead that he believed the representations to be true . . . and that in reliance thereon (or induced thereby) he entered into the transaction.") (internal citations omitted).

Here, Plaintiffs have not alleged *any* facts that they purchased their respective products from Anovos' website because of and in reliance on Anovos' misrepresentations about the estimated delivery dates. "Observing" the estimated delivery dates or "reasonably believing" that they would receive their products by those dates, without those observations or beliefs directly influencing their purchasing decisions, simply does not meet Rule 9(b)'s standards to allege justifiable reliance.

Moreover, any reliance on the estimated delivery dates was not justifiable given that the disclaimers under each advertisement for sale on Anovos' website explicitly stated that the delivery dates are only estimates and that are subject to change at any time and for any reason. *See* Dkt. # 46, ¶¶ 43(a)-(b), 44, 48.  For example. Mr. Jones' excitement that based on the stated estimated delivery date he would receive his ordered product upon completion of his payment plan, was not justifiable given the disclaimers.  *See id*. at ¶ 129. Therefore, any reliance that the

6

products would be delivered at the specific date or period stated at the time of purchase, cannot be justifiable.

### 4.      Plaintiffs Failed to Allege Intent to Defraud

In support of their Opposition, Plaintiffs filed a Request for Judicial Notice of a blog post published by Anovos on its website on April 5, 2019.  *Plaintiffs introduced this post as evidence that even Anovos believed the delays in shipment were "unacceptable".*  *See* Dkt. # 49, 17:13-15, fn. 4.  However, the blog post also demonstrates that Anovos never intended to defraud its customers, and that delays in shipment were a result of their efforts to create high-quality products rather than to steal their customers' money without any intention of delivering the products purchased:

> At ANOVOS, we strive to make high quality products and deliver them in a timely manner. Our founding principle was to create costumes and props that would set the "gold standard" in production quality replicas. However, we realize that we have not effectively met the delivery expectations of our customers, and we would like to sincerely apologize for any frustration this may have caused.

*See* Dkt. #51, Ex. A.

Moreover, despite Plaintiffs allegations that Anovos advertises its products for sale without any intention of delivering them, the comments left by Anovos' customers to the blog post demonstrate that Anovos has delivered products to their customers once those items successfully completed manufacturing and quality testing. *See id*. (*e.g.* "Quality on the items I've received is aces."; "I just received my neck seal. Sure it was a long wait, but the quality is worth it."; "I'm a fan and owner of your products. Please don't go away."; "I've never Been [sic] let down or disappointed with anything you guys have done."; "Your stuff is great." "I echo what others said regarding quality."; "Never had a problem with my star trek [sic] and star wars [sic] items. Quality is top notch. Please don't sacrifice the quality of the products for faster service."; "Have loved everything i [sic] have gotten from

7

1  you. Especially my Black Imperial Officers uniform…")

2      Therefore, Plaintiffs' allegations that Anovos intended to defraud its

3  customers my providing false delivery dates without having any intention of

4  delivering any of its products (*see* Dkt. # 46, ¶¶ 27, 58, 60, 61, 89, 111, 250, 257,

5  278, 315) is refuted by Anovos' own blog post and customer comments that

6  Plaintiffs are requesting this Court to judicially notice.

7      **B.    Plaintiffs' Negligent Misrepresentation Claim Is Inadequately**

8          **Pled**

9      As stated in the Motion, Plaintiffs fail to allege sufficient facts to allege a

10  misrepresentation of fact and justifiable reliance, whether analyzed under Rule 9(b)

11  or Rule 8. Plaintiffs also fail to even allege what additional representations were

12  made by Anovos through social media and press conferences that Plaintiffs relied

13  upon in making their purchasing decisions. *Id.* at ¶ 327. Plaintiffs' Opposition does

14  not address these arguments, other than to rely on their arguments made in defense

15  of their fraud and intentional misrepresentation claims.  As discussed above, these

16  arguments lack merit.

17      Additionally, a claim of negligent misrepresentation is only actionable

18  where the alleged misrepresentation is to past or existing material fact, and not an

19  anticipated event in the future. *See Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2

20  Cal. App. 4th 153, 158 (1991) (affirming judgment sustaining demurrer for

21  negligent misrepresentation involving promise to perform at a future time); *see*

22  *also UMG Recordings, Inc. v. Glo Eagle Entm't, Inc.*, No. CV 14-3466 MMM

23  (JPRx), 2015 WL 12746208, *18 (C.D. Cal. Oct. 30, 2015) ("California law does

24  not recognize a claim for negligent misrepresentation on the basis of a false

25  promise; a negligent misrepresentation claim can be based only on a false

26  statement concerning a past or existing fact."). Anovos' alleged misrepresentations

27  as to the estimated delivery dates are predictions of future events and do not

28  concern past or existing material facts.  As such, as a matter of law, Plaintiffs' have

1   not and cannot with further amendment state a claim for negligent

2   misrepresentation against Defendants.

3   **C.   Plaintiffs' Contract Claims Should Be Dismissed**

4   Plaintiffs fail to refute Anovos' argument that its failure to meet the original

5   estimated delivery dates—which were clearly and expressly identified to Plaintiffs

6   as estimates only, and not, as Plaintiffs allege, dates by which the products were

7   "scheduled to arrive,"[2]—does not constitute a breach of contract. In their

8   Opposition, Plaintiffs contend that Anovos' position would lead to absurd results

9   where failing to deliver the products, even fifty years later would never be a breach

10  of contract.  Dkt. # 49, 22:2-4.  This is a strawman argument.

11  Plaintiffs argue that Anovos breached the contracts by failing to meet the

12  "reasonable expectations" of Plaintiffs, but the TAC admits that each Plaintiff

13  checked a box agreeing to Anovos' terms including that the products ordered were

14  pre-orders that would "become[] available at a later date," and that the delivery

15  dates were estimates only and subject to change "at any time for any reason". Dkt.

16  # 46, ¶¶ 43(a)-(b), 48, 211-12. Plaintiffs acknowledge in the TAC that Anovos told

17  Plaintiffs that if they did not agree to these terms, they were "NOT [TO]

18  PURCHASE OUR MERCHANDISE." *Id*. at ¶ 211.

19  Where, as here, the language of a contract is clear, the parties' intent should

20  be inferred from the written terms. *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir.

21  2006) ("The parties' intent should be inferred from the language of the [contract],

22  so long as that language is not ambiguous or uncertain."). Plaintiffs' subjective

23  expectations that the delivery estimates were "scheduled" delivery or shipping

24  dates—or, in Mr. Jones' case, that the product would be delivered once he fully

25  paid though a payment plan—do not trump the clear written terms of the contracts.

26  Thus, Plaintiffs' allegations that Anovos failed to deliver the products by the

27  "scheduled" dates fail to constitute breaches of the contracts.

28  _____
[2] *E.g.,* Dkt. # 46, ¶¶ 207-08.

Plaintiffs' reliance on *Henry v. Sharma*, 154 Cal.App.3d 665 (1984) and *Jones & Laughlin Steel Co. v. Abner Doble Co.*, 162 Cal. 497 (1912) is misplaced. In those cases, the contracts at issue were silent as to when the contracts would be performed. As such, the courts recognized that in such situations, a reasonable time for performance may be read into those contracts. *See Henry*, 154 Cal.App.3d at 672 (finding 63 days reasonable for buyers to pay purchase price for real property where contract was silent as to when escrow would close); *Jones & Laughlin Steel Co.*, 162 Cal. at 504 (finding that delivery of materials eight months more than eight months late was reasonable where contract did not include a delivery date). In this case, estimated dates for delivery were provided for the products purchased, as well as disclaimers that they were subject to change at any time for any reason. Dkt. # 46, ¶¶ 43(a)-(b), 48.

Even if Anovos was required to deliver the products within a "reasonable amount of time", it still did not breach the contracts with Plaintiffs. Plaintiffs greatly exaggerate the amount of time they have been waiting for their products. Contrary to Plaintiffs' assertions in their Opposition, no Plaintiff has been waiting four or five years for his order, let alone fifty years.

The actual amount of time Plaintiffs have been waiting—one to three years (Dkt. # 49, 23:15-19; *see* Dkt. # 46, ¶¶ 205-239)—is a reasonable amount of time under the circumstances and in light of the unique nature of the products. These are pre-ordered products which Plaintiffs knew had yet to be developed and manufactured overseas, with original estimated shipping dates set six months to one year out from the time Plaintiffs placed their order. Dkt. # 46, ¶¶ 38, 78, 137, 209. Because of the inherent risk of running into manufacturing delays or other issues with production, Anovos specifically warned its customers that the availability and delivery estimates for pre-order items were subject to change. *Id.* at ¶¶ 44, 48. Plaintiffs knew of these uncertainties, but placed their pre-orders anyway pursuant to Anovos' terms.

Taking into consideration the unique nature of the products—high-end props and costumes created using studios' "original film assets and digital scan technology" (*id.* at ¶ 24) to recreate the original items with painstaking accuracy and detail—the delivery delays alleged in the TAC are not unreasonable. *See Houghland v. Roth Blum Packing Co.*, 99 Cal. App. 631, 635 (1929) (a "reasonable time" takes into consideration the subject of the contract and condition of the merchandise). Plaintiffs' argument that the manufacturing process for such items is unlikely to be complicated or complex is undermined by their own allegations in the TAC. *See*, *e.g.*, Dkt. # 46 at ¶ 38 (Anovos touts its process for creating "unique" "unaltered" movie replicas based on its access to the original pieces).

In addition, the pre-order items were prototypes that were not yet fully developed and had to undergo approval and testing. The production of Anovos' products was therefore at least as complicated and time consuming as the buses in *A-Z Bus Sales, Inc. v. City of Burbank*, Case No. B244867, 2014 WL 971677, *3-4 (Cal. Ct. App. Mar. 13, 2014) which, presumably, were not new products developed from scratch.[3]

Plaintiffs' argument that Anovos' delays were "indefinite" ignores that some Plaintiffs *did* actually receive their orders. In the First Amended Complaint ("FAC"), Plaintiffs acknowledged that Richard Dalton received his Start Trek Enterprise. Dkt. # 27 at ¶ 54, n1. Moreover, Mr. Catalano received his Star Trek Phaser Pistol three months *before* joining this litigation, and Mr. Joseph received that same product recently. Dkt. # 47 at 24, n6. Plaintiffs cannot continue to advocate to the Court that no items have been delivered without running afoul of Rule 11.

---

[3]   Although Plaintiffs are correct that *A-Z Bus Sales* is not binding precedent because it is unpublished, it is persuasive authority which demonstrates how a California court has recently treated a factually analogous case involving a seller's failure to ship products by an estimated date due to manufacturing issues.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

With respect to those Plaintiffs who are still waiting for their orders, Plaintiffs inaccurately represent to the Court that they "can no longer receive a refund." Dkt. # 49 at 25:3. The recent change in Anovos' refund policy does not pertain to Plaintiffs' orders, which were placed before April 11, 2019. *See* Dkt. # 29-2. In fact, none of the Plaintiffs except for Mr. Fernandes allege that they ever cancelled their orders and asked Anovos for a refund—presumably, because they still want the products they ordered despite the delays.

*Kashmiri v. Regents of University of California*, cited by Plaintiff is distinguishable because, despite the disclaimer on the university website and catalogue that it could increase fees without notice, the university separately made a specific promise to its students that it would not increase fees for current students enrolled in certain professional graduate programs. 156 Cal.App.4th 809, 833 (2007). Here, no such promise was made. In fact, the delivery dates were represented by Anovos as estimates only that were subject to change at any time for any reason, not as promised dates for delivery. *See* Dkt. # 46, ¶¶ 43(a)-(b), 48.

For these reasons, Plaintiffs' breach of contract cause of action against Anovos should be dismissed.

**D.     Mr. Catalano and Mr. Fernandes' CLRA Claim Is Insufficiently Pled**

In their Opposition, Messrs. Catalano and Fernandes ("CA Plaintiffs") argue that their claim for violation of the CLRA is not subject to Rule 9(b)'s pleading standards, citing to *Vess* for support. However, the opposite is true. *Vess* specifically ruled that CLRA claims grounded in fraud, like Plaintiff's CLRA claim, must meet Rule 9(b)'s heightened pleading standard. *See Vess*, 317 F.3d at 1102-1105; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

CA Plaintiffs based their CLRA claim on alleged online advertising statements made by Anovos "representing that certain goods would be delivered on time." *See* Dkt. # 46, ¶ 314. However, the TAC does not allege a single

1   representation by Anovos that it would deliver its products "on time". *See* Dkt. #
2   46, ¶¶ 43-45, 49-50. Instead, the TAC alleges that Anovos explicitly represented
3   through disclaimers found directly below the product descriptions that the delivery
4   dates were estimates only that were "subject to change at any time for any reason."
5   *Id.* at ¶¶ 43(a)-(b), 48. As for other online advertisements allegedly made by
6   Anovos on Twitter or social media, CA Plaintiffs have failed to identify what these
7   advertisements are and when they were seen. *See Janney v. Mills*, 944 F. Supp.2d
8   806, 818 (N.D. Cal. 2013) (with respect to pleading CLRA claims: "Rule 9(b)
9   requires that the plaintiff(s) identify specific advertisements and promotional
10  materials, allege when the plaintiff(s) were exposed to the materials; and explain
11  how the materials were false or misleading.").

12       The cases cited by CA Plaintiffs in which the Ninth Circuit found allegations
13  with less specificity met Rule 9(b)'s standard are distinguishable not just for the
14  fact that neither of these cases concern CLRA claims, but because in those cases
15  the respective plaintiffs alleged misrepresentations of fact. *See Jones v. ConAgra*
16  *Foods, Inc.*, 912 F. Supp. 2d 889, 902 (N.D. Cal. 2012); *Yucesoy v. Uber Techs.,*
17  *Inc.*, No. 15-cv-00262-EMC, 2016 WL 493189, * 2 (N.D. Cal. Feb 9, 2016). Here,
18  CA Plaintiffs have either not identified what specific representations were made by
19  Anovos in their social media advertisements or failed to demonstrate that the
20  representations as to the estimated shipping dates are factual statements at all
21  rather than predictions of anticipated future events.

22       For these reasons, CA Plaintiffs have failed to allege a claim under the
23  CLRA against Anovos.

24  **E.    All Plaintiffs' Claims Against Lucasfilm Should Be Dismissed**

25       In the TAC, Plaintiffs name Lucasfilm as a defendant to their causes of
26  action for (1) violation of the UCL, (2) violation of Florida's Deceptive and Unfair
27  Trade Practices Act ("FDUTPA"), and (3) negligent misrepresentation. Plaintiffs'

28

1   Opposition only underscores that they have failed to allege any viable claim

2   against Lucasfilm on any theory.

3       **1.    *The TAC Fails to State Any Direct Liability Claims Against***

4               ***Lucasfilm***

5       Plaintiffs contend they have sufficiently pled claims under the  UCL and

6   FDUTPA (which they claim has elements "substantively similar" to those of the

7   UCL) against Lucasfilm based upon allegations that Lucasfilm "actively

8   promoted" Anovos' products and made misleading statements in advertisements,

9   but the TAC fails to allege sufficient facts to state any claims on this basis under

10  the *Twombly* standard.

11      While Plaintiffs repeatedly state in their Opposition that Lucasfilm engaged

12  in "joint promotion" with Anovos and "actively promoted" and marketed Anovos'

13  products, the TAC's sole factual allegations on Lucasfilm's advertising activities

14  concern (1) a single advertisement on Lucasfilm's starwars.com website from

15  December 2016, and (2) an article Lucasfilm published about celebrity Adam

16  Savage's 2016 Comic-Con costume designed for him by Anovos:

17          149. In December of 2016, [Lucasfilm], through its
            website, starwars.com, advertised: "Looking to crush the
18          Rebellion on a beautiful beach-world? You'll need this:
            ANOVOS' awesome new Rogue One: A Star Wars Story
19          shore trooper helmet, revealed exclusively here on
            StarWars.com." Following this promotion, [Lucasfilm]
20          stated, "The helmet will ship in January of 2017."

21          150. Similarly, following the San Diego Comic-Con
            2016, [Lucasfilm] published an article raging about a
22          costume, "The Force Awakens" "designed by the folks
            at ANOVOS" worn by celebrity Adam Savage. Within
23          the article, Anovos' elaborate costume was fitted for Mr.
            Savage in June and ready in time for the Comic-Con on
24          July 21, 2016.

25  TAC, ¶¶ 149-150. Apart from these two paragraphs, there are no other facts

26  alleged regarding Lucasfilm's alleged promotion of Anovos' products. In

27  particular, there are also no facts regarding any promotions or advertisements by

28  Lucasfilm that occurred after 2016.

These allegations fail to state a viable claim against Lucasfilm. First, there are no allegations that any Plaintiff ever saw the website advertisement or Comic-Con article, or any other alleged advertisement or promotion issued by Lucasfilm. This defect defeats Plaintiffs' standing to bring any of its claims based upon advertisements by Lucasfilm. Under the UCL, "a plaintiff proceeding on a claim of misrepresentation . . . must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principals regarding the element of reliance in ordinary fraud actions." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011). Because none of the Plaintiffs saw Lucasfilm's advertisement and article alleged in the TAC, Plaintiffs cannot establish that they relied upon any alleged statements contained therein.  Plaintiffs' lack of reliance also bars their negligent misrepresentation and FDUTPA causes of action to the extent they are based upon Lucasfilm's advertisements. *See Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal.App.4th 182, 196 (2012) ("justifiable reliance on the misrepresentation" is required element of negligent misrepresentation); *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006) ("causation" and "actual damages" from the deceptive act or practice are required elements under FDUTPA).

Second, and independently, Plaintiffs' claims against Lucasfilm also fail because they have identified no false or misleading statements in any advertisements or promotions issued by Lucasfilm. Plaintiffs have not attached the actual website advertisement or Comic-Con article to the TAC. From the TAC's allegations, it is unclear whether Lucasfilm itself actually made any statements in the starwars.com ad, or whether it merely published an ad authored by Anovos. The TAC does not even allege that the quoted statement "This helmet will ship in January 2017" was false. Notably, none of the Plaintiffs ordered the "shore trooper" helmet referenced in the ad, and the TAC contains no allegations about whether that particular product shipped by January 2017. As for the article about

15

Mr. Savage's 2016 Comic-Con costume, Plaintiffs have identified no statements that they contend to be false or deceptive representations within the article. Thus, Plaintiffs have failed to allege any viable claim against Lucasfilm based upon false or deceptive advertising or promotions of Anovos' products.

Plaintiffs also argue that Lucasfilm may be liable based on its "failure to warn" the public of Anovos' alleged knowing fraud, but this theory is equally unavailing. Plaintiffs assert that Lucasfilm, as a licensor of its Star Wars intellectual property, had a duty to the public analogous that of a landlord or landowner's obligation to warn others of concealed hazards on his or her property. Dkt. # 49 at 28-29. The cases relied upon by Plaintiff, which concerned hidden safety and health hazards like asbestos, fuel leaks, or a vicious dog on the premises, are inapposite. *See Kinsman v. Unocal Corp.*, 37 Cal. 4th 659, 665 (2005); *Resolution Trust Corp. v. Rossmoor Corp.*, 34 Cal. App. 4th 93, 98 (1995); *Ucello v. Laudenslayer*, 44 Cal. App. 3d 504, 507 (1975).

Tellingly, Plaintiffs have not cited a single case in which a court has applied the landowners' duty to warn in the context of a trademark licensor like Lucasfilm. Contrary to Plaintiffs' novel argument, the law does not impose on trademark licensors any affirmative duties in tort. *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1520 (11th Cir. 1992) (while trademark licensor has a duty to police the use of its own mark to avoid loss of trademark rights, that duty does not impose responsibility for preventing another entity's violation of the law or subject owner to liability in tort); *see also Oberlin v. Marlin American Corp.*, 596 F.2d 1322, 1327 (7th Cir. 1979) ("The purpose of the Lanham Act, however, is to ensure the integrity of registered trademarks, not to create a federal law of agency. The scope of the duty of supervision associated with a registered trademark is commensurate with this narrow purpose.").

Plaintiffs cite *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1056 (9th Cir. 2008) for the proposition that specific intent to defraud can be

16

1  inferred where a party knew about the fraud and actively profited from the fraud,

2  but that case involved a defendant who had purchased and enforced contracts

3  entered into with plaintiffs which it knew had been produced by fraud. By contrast,

4  here, Lucasfilm had no direct dealings with Plaintiffs and was not a party to the

5  allegedly fraudulent sales. In addition, to the extent Plaintiffs' communications

6  with Lucasfilm amounts to notice, per the TAC, Lucasfilm was only put on notice

7  of Anovos' shipping delays of its products, not of any fraud. Dkt. # 46, ¶¶ 102,

8  154. Indeed, Plaintiffs as stated in Part II(A) above, Plaintiffs have not even stated

9  a claim for fraud against Anovos that Lucasfilm would have been aware of.

10  Plaintiffs' reliance on *Inwood Laboratories, Inc. v. Ives Laboratories, Inc*.,

11  456 U.S. 844, 853-54 (1982), is also misplaced. They cite *Inwood* for the

12  proposition that a defendant may be liable for contributory trademark infringement

13  if it intentionally induces a third party to infringe a trademark, or if it continues to

14  supply a product to a third party it knows is using the product to infringe another's

15  mark. They ignore, however, that *Inwood*'s test is limited to claims for

16  contributory trademark infringement where a defendant "supplies a product" to the

17  direct infringer. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980,

18  984 (9th Cir. 1999) (where defendant did not supply a product, "direct control and

19  monitoring" is required). Because this case does not involve contributory

20  trademark infringement claims and Lucasfilm did not supply a product to Anovos

21  (and Plaintiffs do not allege otherwise), *Inwood* is inapplicable.

22  Finally, Plaintiffs' attempt to factually distinguish *In re Jamster Marketing*

23  *Litigation*, 2009 WL 1456632, *8 (S.D. Cal. May 22, 2009) is unavailing.

24  Plaintiffs argue that here, Lucasfilm "participated, marketed, and otherwise

25  approved of Anovos' sales," but they have identified no factual allegations in the

26  TAC to support their contention that Lucasfilm directly engaged in any such

27  wrongful conduct. The products were sold by Anovos, not Lucasfilm, and the TAC

28

1  fails to make any plausible factual allegations that Lucasfilm controlled Anovos'
2  marketing or sales practices or directly participated in any wrongdoing.

3      Accordingly, Plaintiffs have failed to allege any claim for direct liability as
4  to the Lucasfilm.

5          **2.      *Lucasfilm Cannot Be Held Vicariously Liable for Anovos'*
6                  *Actions***

7      Alternatively, Plaintiffs argue that Lucasfilm is vicariously liable for
8  Anovos' conduct because it acted as Anovos' apparent agent and ratified
9  Lucasfilm's conduct.  This theory also fails.

10      First, as a threshold matter, "[i]t is well established that the concept of
11  vicarious liability has no application to actions brought under the [UCL]." *In re*
12  *Jamster Mktg. Litig.,* 2009 WL 1456632, *8 (S.D. Cal. 2009) (quoting *Emery v.*
13  *Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)). Similarly, claims under
14  the FDUTPA require the defendants' "direct involvement" in the alleged violation.
15  *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1277 (S.D. Fla.
16  2007). Thus, Plaintiffs' UCL or FDUTPA claims against Lucasfilm fail.

17      Second, and independently, the TAC still fails to allege facts sufficient to
18  establish that Anovos was Lucasfilm's apparent agent. The TAC does not allege
19  that Lucasfilm did anything to reasonably suggest to Plaintiffs that Anovos was
20  its authorized agent. Plaintiffs point to the fact that Lucasfilm authorized Anovos
21  to prominently display Lucasfilm's logos, but granting a trademark license does
22  not make the licensee an agent of the licensor. *E.g.*, *Oberlin*, 596 F.2d at 1327.

23      Plaintiffs also argue that the email Lucasfilm representative Ms. Santin sent
24  to Mr. Fernandes in which she wrote, "I have escalated your email to Anov*os* for
25  immediate review and response" shows that Lucasfilm led customers to reasonably
26  believe that Anovos was its authorized agent, but they acknowledge that Ms.
27  Santin's statements were made *after* Mr. Fernandes already purchased the
28  products. Dkt. # 49 at 32:10. Plaintiffs do not allege that, at the time of purchase,

18

they believed that Anovos was an agent of Lucasfilm. To the contrary, Plaintiffs allege that they knew they were purchasing products from Anovos, not from Lucasfilm. Moreover, Plaintiffs do not dispute that Ms. Santin's email was clear that Anovos and "the Walt Disney Company" were two separate companies, and that she told Mr. Fernandes she had escalated his complaint to *Anovos*, not to anyone within Disney or Lucasfilm. Her email does not suggest in any manner that Anovos had made the sales transactions at issue on Lucasfilm's behalf.

Finally, Plaintiffs' argument that Lucasfilm ratified Anovos' allegedly deceptive sales practices also fails. Plaintiffs ignore that "[w]hen an actor is not an agent and does not purport to be one, the doctrine of ratification does not apply." *Colgate v. JUUL Labs*, 402 F. Supp.3d 728, 760 (N.D. Cal. 2019) (citing *Kristensen v. Credit Payment Servs. Inc*., 879 F. 3d 101, 1014 (9th Cir. 2018)). Because Anovos was not an agent of Lucasfilm and did not pretend to be one, the doctrine of ratification is inapplicable.

### F.    Plaintiffs Fail to Address Their False Allegations in the TAC

In the Motion, Defendants pointed to Plaintiffs' knowingly false representation to this Court that Mr. Catalano has not received his Star Trek Phaser Pistol that he purchased from Anovos' website. Dkt. # 47, ¶¶ 85-89. In short, Plaintiffs allege that Mr. Catalano separately ordered a Star Trek Suit Jacket and a Star Trek Phaser Pistol from Anovos, for which he paid full price but never received. *Id*. at ¶¶ 70-72, 84-86, 88. Plaintiffs made this same representation in the FAC. *See* Dkt. # 27, ¶¶ 62-68. In truth, Mr. Catalano received his Star Trek Phaser Pistol on or before May 6, 2019, ***three months before he joined this lawsuit as a plaintiff*** on August 5, 2019.  Dkt. # 48-1, 12 at fn 3.

Rather than address this potential Rule 11 violation in their Opposition, Plaintiffs instead argue that the Court should disregard this fact as it is not permissible to be considered in a motion to dismiss without converting the Motion to one for summary judgment. Plaintiffs further argue that they would otherwise

1   need to be given the opportunity to conduct discovery to explore Defendants'

2   factual contentions. *See* Dkt. # 50, 2:22-23. However, whether and when Mr.

3   Catalano received the Star Trek Phaser Pistol he purchased from Anovos is

4   something known to Mr. Catalano, a plaintiff in this action. Plaintiffs need not seek

5   discovery from Defendants to uncover this fact, they can inquire with Mr. Catalano

6   himself.

7          Plaintiffs also continue to make other representations that they know to be

8   untrue, including that Anovos advertises for sale pre-ordered items that they have

9   ***no intention*** of ever delivering. But by their own admission, Richard Dalton, the

10  former lead plaintiff in this action, received the $9,000 Star Trek Discovery NCC-

11  1701 U.S.S. Enterprise Constitution Starship he ordered from Anovos as a pre-

12  order. *See* Dkt. # 27, ¶ 54, fn. 1. Yet, Plaintiffs continue to falsely allege that

13  Anovos never had the intention of delivering pre-ordered products purchased from

14  Anovos' website and sought to ***abscond*** with their customers money instead. *See*

15  Dkt. # 46, ¶¶ 27, 58, 60, 61, 89, 111, 250, 257, 278, 315. Such allegations are also

16  contradicted by Anovos' blog post of April 5, 2019 (which Plaintiffs request this

17  Court to judicially notice) and the corresponding comments left by customers

18  affirming that they have received products they ordered from Anovos and attesting

19  to the quality of those products.  Dkt. # 50, Ex. A.

20         Such knowingly false representations to the Court in the TAC run afoul of

21  Rule 11 and is sanctionable conduct. *See* Fed. R. Civ. P. 11(b)-(c).

22         **G.     Leave to Amend Should Not Be Granted**

23         Although the district court should grant the plaintiff leave to amend if the

24  claim can possibly be cured by additional factual allegations, (*Doe v. United*

25  *States*, 58 F.3d 494, 497 (9th Cir.1995)), the district court need not grant leave to

26  amend if amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d

27  1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where

28  plaintiff was granted leave to amend once and amended complaint contained same

20

defects as prior complaint).

This is Plaintiffs' fourth attempt to state claims for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of the CLRA against Anovos, and to allege any claim against Lucasfilm. At this point, if Plaintiffs are unable to allege these causes of action against Defendants, they will likely be unable to do so given another chance.  Therefore, should the Court grant the Motion, Defendants' request that the Court do so without further leave to amend.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss the causes of action for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and violation of the CLRA against Anovos, and all causes of action against Lucasfilm, and deny further leave to amend.


Dated: January 13, 2020            **ROME & ASSOCIATES, A.P.C.**



By:    */s/ Sridavi Ganesan*
       Sridavi Ganesan
       Attorneys for Defendants ANOVOS
       PRODUCTIONS, LLC and LUCASFILM
       LTD. LLC