| | |
|---|---|
| 1 | Yana A. Hart, Esq. (SBN: 306499) |
| 2 | yana@kazlg.com |
|   | **KAZEROUNI LAW GROUP, APC** |
| 3 | 2221 Camino Del Rio South, Suite 101 |
| 4 | San Diego, CA 92108 |
|   | Telephone: (619) 233-7770 |
| 5 | Facsimile: (619) 297-1022 |
| 6 | |
| 7 | Abbas Kazerounian, Esq. (SBN: 249203) |
|   | ak@kazlg.com |
| 8 | **KAZEROUNI LAW GROUP, APC** |
| 9 | 245 Fischer Avenue, Unit D1 |
|   | Costa Mesa, CA 92626 |
| 10 | Telephone: (800) 400-6808 |
| 11 | Facsimile: (800) 520-5523 |
| 12 | *Attorneys for Plaintiffs,* |
| 13 | Arthur Catalano, Matthew Fernandes, |
|   | Andre Joseph, Alexander Alonso, and |
| 14 | Randolph Jones |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arthur Catalano, Matthew Fernandes, Andre Joseph, Alexander Alonso, and Randolph Jones**, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **Anovos Productions, LLC, and Disney Lucasfilm Ltd.**, <br><br> Defendants. | CASE NO. 2:19-CV-04821-MWF-KS <br><br> <u>CLASS ACTION</u> <br><br> JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F) <br><br> HON. MICHAEL W. FITZGERALD |

JOINT 26(F) REPORT                          1                          Case No. 2:19-cv-04821-MWF-KS

Counsel for the parties met and conferred regarding the issues set forth herein. Arthur Catalano ("Catalano"), Matthew Fernandes ("Fernandes"), Andre Joseph ("Joseph"), Alexander Alonso ("Alonso"), and Randolph Jones ("Jones") (collectively "Plaintiffs"), and Defendant Anovos Productions, LLC ("Anovos") and Disney Lucasfilm Ltd ("Disney") (collectively "Defendants") (collectively the "Parties") jointly submit this discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## I. ITEMS TO BE DISCUSSED PER COURT'S STANDING ORDER RE: JOINT RULE 26(F) REPORT

### a. STATEMENT OF THE CASE:

Plaintiffs: This action arises out of Defendants illegal actions in connection with the marketing and sale of its licensed products resulting in Defendants committing negligent misrepresentation and violations of unfair practices statutes, and Anovos' violations of fraud, breach of contract, intentional misrepresentation, and Cal. Civ. Code § 1750, *et seq.* Specifically, Defendants' practice of charging consumers upfront costs for licensed products and shipping, despite the fact that these products were never delivered and monies never refunded caused Plaintiffs' damages.

Plaintiffs dispute Defendants' contention regarding any "knowingly false" claims.

Defendants: Defendants deny Plaintiffs' allegations, and assert that at least one or more the claims for damages asserted by Plaintiffs is knowingly false. For example, Plaintiff Catalano admitted to Anovos three months prior to joining that lawsuit as a plaintiff that he received one of the two products he ordered from Anovos' website. Yet, he falsely alleges in the TAC that he never received it.

### b. SUBJECT MATTER JURISDICTION:

Jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2) because Plaintiffs Mr. Catalano and Mr. Fernandes (residents of the State of California); Mr. Joseph (resident of the State of New York); Mr. Alonso (resident of the State of Florida); and Mr. Jones (resident of the State of Washington), seek relief on behalf of statewide classes, which will result in at least one class member belonging to a different state than that of Defendants, Delaware and California companies.

Plaintiffs also seek refund of all monies paid and disgorgement of ill-gotten monies in connection with the marketing and sale of Defendants' products. When aggregated among a proposed class number in the tens of thousands, damages exceed the $5,000,000 threshold for federal court jurisdiction.

### c. LEGAL ISSUES:

Plaintiffs: This action arises out of Defendants' violations of the Cal. Bus. & Prof. § 17200, *et seq.*; Fla. Stat. § 501.201, *et seq.*; Wash. Rev. Code § 19.86.010, *et seq.*; N.Y. Gen. Bus. Law § 349, *et seq.*; Cal. Civ. Code § 1750, *et seq.*; and illegal actions resulting in the commission of fraud, breach of contract, negligent misrepresentation and intentional misrepresentation. At this time, Plaintiffs believe issues regarding Defendants' misrepresentations are questions of fact to be determined by the jury.

Defendants: The key legal issues concern whether this case is appropriate to be adjudicated as a class; whether the class definitions are overbroad; whether plaintiffs actually relied on the estimated shipping as a reason to make their respective purchases; whether Anovos' alleged conduct constitutes a breach of contract, negligent misrepresentation and intentional misrepresentation, and fraud; whether Disney can be liable for Anovos' torts as a licensor; whether Plaintiffs are entitled to recover attorney fees or punitive damages under the asserted consumer state statutes.

### d. PARTIES AND NON-PARTY WITNESSES:

<u>Plaintiffs</u>: Key witnesses for Plaintiffs will include the Person(s) Most Knowledgeable for each Defendant as well as the Person(s) Most Knowledgeable for CBS Studios, Inc. and NBCUniversal Media, LLC. Additional witnesses for Plaintiffs include 204 (or more) individuals who have reached out to Plaintiffs' counsel with issues of non-delivered and non-refunded Anovos products. At this time, Plaintiffs do not anticipate the need to depose each of the 204 witnesses; however, they do anticipate that the parties will need to depose all the named representatives.

<u>Defendants</u>:  Plaintiffs' key witnesses include each of the plaintiffs, Richard Dalton, the person most knowledgeable at Anovos and Disney.

### e. DAMAGES:

<u>Plaintiffs</u>: Plaintiffs pray for the following on behalf of themselves and each class member:

<u>For Fraud (Against Defendant Anovos):</u>
- An award of compensatory, special, general, and punitive damages
- according to proof against Anovos;
- An award of reasonable attorney's fees and costs;
- An award of pre- and post-judgment interest; and
- Any other relief the Court may deem just and proper.

<u>For Breach of Contract (against Defendant Anovos):</u>
- An award of compensatory, special, and general damages according to proof against Anovos;
- An award of reasonable attorney's fees and costs;
- An award of pre- and post-judgment interest;
- Any other relief the Court may deem just and proper.

For violations of Unfair Competition Law under Cal. Bus. & Prof. Code § 17200:

- An award of compensatory, special, general, and punitive damages according to proof against all Defendants;
- An award of reasonable attorney's fees and costs;
- An award of pre- and post-judgment interest; and
- Any other relief the Court may deem just and proper.

For violations of Florida's Deceptive and Unfair Trade Practices Act under Fla. Stat. § 501.201, *et seq.*:

- An award of actual damages pursuant to Fla. Stat. § 501.207(c);
- An award of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 501.2105;
- Injunctive relief and declaratory judgment pursuant to Fla. Stat. § 501.207(a) & (b); and
- Any other relief the Court may deem just and proper.

For violations of N.Y. General Business Law §§ 349, 350 (against Defendant Anovos):

- An award of actual damages;
- An award of punitive damages as the Court may allow pursuant to N.Y. Gen. Bus. Law §§ 349(h), 350-e(3);
- An award of reasonable attorneys' fees and costs pursuant to N.Y. Gen. Bus. Law §§ 349(h), 350-e(3); and
- Any other relief the Court may deem just and proper.

For violations of Washington's Unfair Business Practices Act under RCW § 19.86, *et seq.* (against Defendant Anovos):

- An award of actual damages pursuant to Fla. Stat. § 501.207(c);
- An award of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 501.2105;

- Injunctive relief and declaratory judgment pursuant to Fla. Stat. § 501.207(a) & (b); and
- Any other relief the Court may deem just and proper.

For California Consumers Legal Remedies Act (Fernandes/Catalano against Defendant Anovos):

- Injunctive relief pursuant to Cal. Civ. Code § 1780(a);
- An award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(e); and
- Any and all relief that this Court deems necessary or appropriate.

For Negligent Misrepresentation:

- Actual damages, injunctive relief, restitution, and punitive damages.

For Intentional Misrepresentation (against Defendant Anovos):

- Actual damages, injunctive relief, restitution, and punitive damages.

Defendants:  Defendants contend that Plaintiffs are not entitled to the damages sought.

### f. INSURANCE

Plaintiffs: None.

Defendants: None.

### g. MOTIONS

Plaintiffs: Plaintiffs intends to file a motion seeking to add another named representative Plaintiff, and anticipate including additional Defendants and state classes upon the completion of discovery. Further, during the pendency of this lawsuit, Plaintiffs' counsel learned that Mr. Fernandes received his requested refund, and thus, Plaintiffs intend to amend Mr. Fernandes' claims. Prior to filing a motion for leave to amend, Plaintiffs will seek to avoid the motion filing by conferring with Defendants' counsel. Plaintiffs are in the process of initiating said meet and confer,

1  and anticipate sending Defense counsel's a draft of the proposed amended complaint
2  shortly.
3       Plaintiffs also anticipate filing a class certification motion and possibly a
4  motion for summary judgment at the time of the close of discovery. Plaintiffs also
5  propose that the class certification briefing filing deadline be set for August 24, 2020.
6       Defendants:  Defendants intend to file a motion for summary judgment.
7  Defendants believe the class certification motion deadline should be on or after
8  October 19, 2020.
9

10              h.  MANUAL FOR COMPLEX LITIGATION
11       Plaintiffs:   At this point, Plaintiffs do not anticipate utilizing the Manual for
12  Complex Litigation. However, Plaintiffs reserve the right to use the manual depending
13  on developments in the case.
14       Defendants:  Defendants do not believe this case is complex and will not
15  require the utilization of the Manual for Complex Litigation.
16

17              i.  STATUS OF DISCOVERY
18       Plaintiffs:  On October 23, 2019, Plaintiffs propounded discovery to Defendant
19  Anovos, prior to the parties' 26(f) call. Due to the pendency of Defendants' Motion to
20  Dismiss, Defendants took the position that the 26(f) call and discovery was premature.
21  To date, Anovos has not responded to the requests. However, the parties did conduct
22  the 26(f) conference call and agreed on the date of production of Anovos' discovery
23  responses. Plaintiffs anticipate propounding additional discovery to Defendant Disney
24  after the ruling on the motion to dismiss.
25       Defendants:  Anovos was served with discovery on or about October 23, 2019.
26  However, as explained to Plaintiffs' counsel, such discovery was premature pursuant
27  to Rule 26(d) as the parties had yet to conduct the Rule 26(f) conference.  Defendants
28

anticipate propounding discovery to each of the Plaintiffs after submission of this joint report.

### j. DISCOVERY PLAN

#### i. SUBJECTS OF DISCOVERY NEEDED

<u>Plaintiffs</u>: Plaintiffs propounded Requests for Admissions, Requests for Production of Documents, and Special Interrogatories to Defendant Anovos and anticipate propounding written discovery requests to Defendant Disney. Moreover, Plaintiffs require deposition testimony of the Person(s) Most Knowledgeable for each Defendant. In propounding said discovery, Plaintiff sought information as to class parameters; contracts and agreements between Anovos and Plaintiffs; stages of production for non-delivered items; consumer complaints; payments received for non-delivered items; and bases for shipping estimates. Plaintiff will seek information from Disney including but not limited to:

- Disney's relationship with Anovos;
- Its receipt of complaints against Anovos;
- Profit from non-delivered items;
- Communications with consumers; and
- Disney's marketing and sales of StarWars costumes and props.

<u>Defendants</u>: Defendants currently anticipate seeking discovery on the following subjects:

- A survey of how a reasonable customer would interpret the disclaimers on Anovos' website and the estimated shipping dates;
- Each of the Plaintiffs' own understanding of the disclaimers on Anovos' website and the estimated shipping dates;
- Plaintiffs' requests for refunds from Anovos'
- Plaintiffs' complaints to Disney;
- All products each of the Plaintiffs ordered from Anovos, whether or not they were received;

- Each of the Plaintiffs' communications with Anovos concerning the products ordered as alleged in the Third Amended Complaint.

Defendants seek to depose each of the Plaintiffs and Richard Dalton, a former plaintiff in this action.

### ii. PHASING

<u>Plaintiffs:</u> Plaintiffs do not believe phases of discovery are necessary, and believe if possible all class data should be produced promptly. Plaintiffs believe that limited discovery maybe also be necessary after class certification issue on the merits issues related to notice.

Plaintiffs see that bifurcating discovery into phases (class and merits discovery) may not only prolong the litigation but also duplicate the parties' resources, unnecessarily rendering this case more costly and burdensome on all parties. In this case, a lot of class and merit discovery issues are intertwined. This, in turn, will lead to the need to conduct multiple out of state depositions (instead of a single deposition) of some parties (such as Anovos and their representative PMKs) on class issues and on the merits.

<u>Defendants:</u>  Defendants believe that this case should be divided into two phases, such that class discovery will be conducted prior to any motion related to class certification, and that merits discovery may be conducted after a ruling on such motion.

### iii. LIMITATIONS ON DISCOVERY

<u>Plaintiffs:</u> At this juncture, Plaintiffs do not believe the limitations set by the Federal Rules of Civil Procedure will likely require modification. Rule 30(a)(2)(A)(i) limits the number of depositions to 10 per party, unless leave of court is granted. Plaintiffs expect this number will be adequate given the claims at issue in this case. However, it is possible this limit may require modest revision, and Plaintiffs will seek

Court approval for such based on good cause if the Parties cannot otherwise reach an agreement.

Plaintiffs seek to modify the limitations on the number of interrogatories and requests for admissions. Based on the complexity of issues, the number of Plaintiffs and potential Defendants involved, Plaintiffs request the Court alter the limits to 35 interrogatories and 35 requests for admissions per a side (instead of per a party). Plaintiffs vigorously objects to Defendants request of serving a total of 180 interrogatories (with the additional one Plaintiff) to Plaintiffs. Plaintiffs further contend that each side should be entitled to the same number of requests.

This case is complex to the extent that it is a class action; however, the facts evolving around each Plaintiff are simple and straightforward – each Plaintiff purchased products that they did not receive. Plaintiffs' counsel respectfully requests this Court to limit the discovery to the need of the parties and the case. Plaintiffs' counsel also notes that each Plaintiff will be deposed by Defense, and thus, a lot of unnecessarily burdensome requests may simply be addressed in a speedy deposition.

Thus, Plaintiffs request that this Court limits the number of interrogatories and admissions to 35 per a side, and allow the parties to confer should they need more discovery after the 35 requests are served.

Defendants:  Defendants request that Court modify the limitations on discovery such that Defendants may serve 35 interrogatories and 35 Requests for Admission to each Plaintiff as each Plaintiff has a different set of facts to support their claims. However, Defendants request that Plaintiffs together may serve only 30 interrogatories and 30 Requests for Admissions to each Defendant, as each of those interrogatories will be common to the Defendants, and Defendants' respective responses will likely be identical to each of the Plaintiffs.  To the extent that there are interrogatories that would be specific to each Plaintiff, Defendants would agree to up to 5 interrogatories and 5 Requests for Admissions may be propounded individually by each Plaintiff for such issues.

### k. DISCOVERY CUT-OFF

<u>Plaintiffs</u>: September 7, 2020.

<u>Defendants</u>: September 7, 2020.

### l. EXPERT DISCOVERY

<u>The Parties</u> propose initial expert witness disclosures to be September 14, 2020, and rebuttal expert disclosures to be October 5, 2020. The Parties propose an expert discovery cut-off of October 19, 2020

### m. DISPOSITIVE MOTIONS

The Parties propose dispositive motions be filed by November 23, 2020.

### n. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

<u>Plaintiffs</u>: The parties have yet to engage in any meaningful settlement discussions. Plaintiffs believe further settlement discussions will benefit from a developed factual record. In addition, Plaintiffs request private mediation.

<u>Defendants</u>: Defendants believe that any meaningful settlement discussions would be appropriate once class issues are resolved, and any motion related to class certification has been ruled upon.

### o. TRIAL ESTIMATE

<u>Plaintiffs</u>: Plaintiffs timely requested a jury trial and anticipate trial will last approximately 7 days. This number is based on the number of Plaintiffs, possible 204 witnesses, Defendants' 30(b)(6) representatives, and expert witnesses.

<u>Defendants</u>: Defendants do not oppose a jury trial, and anticipate it would last 7 days. Defendants anticipate calling at least 5-7 witnesses, though this number may in increase as Plaintiffs add new plaintiffs to this action.

      **p. TRIAL COUNSEL**

<u>Plaintiffs</u>: Abbas Kazerounian, Kevin Duck, and Yana Hart.

<u>Defendants</u>: Eugene Rome and Sridavi Ganesan.

      **q. INDEPENDENT EXPERT OR MASTER**

<u>Plaintiffs</u>: Plaintiffs do not believe this is a case in which the Court should consider appointing a special master pursuant to Rule 53 or an independent scientific expert.

<u>Defendants</u>: Defendants do not anticipate that the appointment of a master or independent scientific expert will be necessary.

      **r. TIMETABLE**

See Exhibit A attached.

      **s. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

<u>Plaintiffs:</u> _____ yes   √ no

<u>Defendants:</u> _____ yes   x no

      **t. OTHER ISSUES**

<u>Plaintiffs</u>: None.

<u>Defendants:</u> None.

Date: February 27, 2020        **KAZEROUNI LAW GROUP, APC**

                                      By: <u>s/ Yana A. Hart</u>
                                                 Yana A. Hart, Esq.
                                                 *Attorneys for Plaintiff*

Date: February 27, 2020        **ROME & ASSOCIATES, APC**

                                        By: <u>s/ Sridavi Ganesan</u>
                                                 Sridavi Ganesan , Esq.
                                                 *Attorneys for Defendants*

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant signing above, and that I have obtained Mr. Ganesan's authorization to affix his electronic signature to this document.

                                                **KAZEROUNI LAW GROUP, APC**

Date: February 27, 20                 By: <u>s/ Yana A. Hart</u>
                                                                     Yana A. Hart, Esq.
                                                                     *Attorneys for Plaintiff*