UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-4821-MWF-KS                    **Date:  March 31, 2020**
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**          ORDER RE: MOTION TO DISMISS
                                       PLAINTIFFS' THIRD AMENDED
                                       COMPLAINT [47]

Before the Court is Defendants' Anovos Productions, LLC ("Anovos") and Lucasfilm Ltd. LLC, erroneously sued as Disney Lucasfilm, Ltd.'s ("Lucasfilm") Motion to Dismiss Plaintiffs' Third Amended Complaint (the "Motion"), filed on December 9, 2019.  (Docket No. 47).  Plaintiffs Arthur Catalano, Matthew Fernandes, Andre Joseph, Alexander Alonso, and Randolph Hones filed an Opposition on December 30, 2019.  (Docket No. 49).  Defendants filed a Reply on January 13, 2020. (Docket No. 53).

The Court has read and considered the papers filed on the Motion, and held a hearing on January 27, 2020.

For the reasons set forth below, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The Motion is **GRANTED** *without leave to amend* as to Plaintiffs' claims against Lucasfilm.  Plaintiffs do not adequately allege why Lucasfilm should be held responsible for the acts of Anovos, when it is not sufficiently alleged that Plaintiffs either relied on Lucasfilm's actions or were harmed by Lucasfilm's actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

- The Motion is **DENIED** as to Plaintiffs' claims for fraud, intentional misrepresentation, and negligent misrepresentation against Anovos.  The TAC sufficiently alleges that Anovos made misrepresentations regarding the estimated shipping dates for the products Plaintiffs purchased, and that Plaintiffs justifiably relied on those representations when purchasing its products.

- The Motion is **DENIED** with respect to Plaintiffs' CLRA claim against Anovos.  Plaintiffs sufficiently alleged fraud through the anticipated shipping dates.

- The Motion is **DENIED** with respect to Plaintiffs breach of contract claim against Anovos.  It is a question of fact whether Anovos's lengthy delays in shipping its products were "reasonable," which cannot be resolved at this stage.

## I.     **BACKGROUND**

Plaintiffs commenced this action on June 3, 2019.  (Complaint (Docket No. 1)).  The First Amended Complaint was filed on August 5, 2019.  (Docket No. 27).  On September 27, 2019, the Court granted Defendants' Motion to Dismiss the First Amended Complaint, in part, with leave to amend, and denied it in part.  (Docket No. 36).  In response, Plaintiffs filed a Second Amended Complaint on October 15, 2019.  (Docket No. 37).  On November 13, 2019, the Court granted the parties' joint stipulation permitting Plaintiffs to file a Third Amended Complaint ("TAC").  (Docket No. 42).  On November 15, 2019, the Court granted the parties' joint stipulation to dismiss Defendants NBCUniversal Media, LLC, CBS Studios, Inc., and Plaintiff Richard Dalton.  (Docket No. 45).  On November 18, 2019, Plaintiffs filed the TAC.  (Docket No. 46).

Plaintiffs bring this action on behalf of themselves and the following putative class and subclass:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4821-MWF-KS**                    **Date:  March 31, 2020**
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

> **Plaintiffs' Class**:  All persons with a California, Washington, Florida, and or New York billing address who paid for a pre-order product(s) from Anovos, and who have not received the product nor a refund from January 1, 2016 through the present.

> **Disney Subclass**:  All persons with a California, Washington, Florida, and or New York billing address who paid for a pre-order product(s) from Anovos that was (were) licensed by Disney and who have not received the product nor a refund from January 1, 2016 through the present.

(TAC ¶ 182).  The following facts are based on the TAC, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Defendant Anovos is an agent and authorized representative of Lucasfilm, engaging in the promotion and sale of various products containing Lucasfilm's trademarks in the United States through social media websites, its website at Anovos.com, and starwars.com.  (TAC ¶ 21).  Anovos was founded in 2009 and has been licensed by Lucasfilm to provide movie and television accurate replicas of costumes and other props.  (*Id.* ¶¶ 23-25).  People who purchase Anovos's products have a variety of reasons to do so, including "the love of a character, interests in collecting, enjoying the attention of being in an elaborate costume, portraying a loved character, or the appreciation from completing a complex costume or model."  (*Id.* ¶ 36).  As a result, obtaining the high-end costumes and replicas which Anovos sells "in a timely manner is parament for consumers."  (*Id.* ¶ 37).

Anovos has charged Plaintiffs thousands of dollars for these products, requiring Plaintiffs and other consumers to pay upfront for the total costs, inclusive of shipping.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

(*Id*. ¶¶ 26, 41).  Many Plaintiffs and other consumers bought these products through Anovos's website, which marketed Star Wars memorabilia for pre-sale orders, giving prices, estimated delivery dates, and terms and conditions for sale.  (*Id*. ¶ 38).  Despite paying upfront, consumers who purchased Anovos products, after experiencing significant delays, have never received certain products they already paid for nor have they received a refund for their payments.  (*Id*. ¶ 27).  Anovos also touts the process for creating its replicas, identifies them as "limited in production" to entice collectors, and aggressively advertises its products online, through its social media pages, and at San Diego's Comic-Con International.  (*Id*. ¶¶ 38-40).

Plaintiffs allege that "[p]rior to and during these transactions of selling the pre-ordered items, Defendants misrepresented to consumers: (a) that they are in the process of making the items; (b) the anticipated delivery dates of the items; and (c) that the items would, in fact, be delivered."  (*Id*. ¶ 42).  Specifically, the website included a "shipping estimate" for each item, along with a "delivery estimate."  (*Id*. ¶ 43). Anovos also represented that its products "was scheduled to be shipped the same year of the purchase order."  (*Id*. ¶ 44).

For example, Plaintiffs allege that in 2016 Anovos falsely represented on its website that a Kylo Ren Costume Ensemble would be scheduled for delivery to consumers that same year.  (*Id*. ¶¶ 45-46).  Plaintiffs further allege that the Kylo Ren Costume Ensemble has been in the same delivery stages for the ***past three years***, that many consumers who purchased the item years ago have not received the product, and Anovos ***still*** is advertising the product on its website.  (*Id*. ¶¶ 46-47).

Each time consumers, including all named Plaintiffs here, made purchases online, Anovos at the time of purchase falsely misrepresented estimated shipping dates to be within the same year of purchase as it continues to do now, years later.  (*Id*. ¶ 51). Plaintiffs and other consumers trusted Anovos's false representation when making their purchases.  (*Id*. ¶ 52).  But, after Plaintiffs and other consumers purchased and paid for their products, their delivery dates have been postponed time after time; as soon as a delivery date approached, Anovos continued to postpone the date, communicating with costumers via email.  (*Id*. ¶ 53).  The email was a "virtually identical" automatic email

---

**CIVIL MINUTES—GENERAL**                                            **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

update regarding the postponement of their items, which included "a myriad of reasons including issues with the manufacturer."  (*Id*. ¶ 57).

However, Anovos's representations "that the items would be delivered and would arrive on certain dates were false, as at no point did Anovos intend to make or deliver the pre-ordered items."  (*Id*. ¶ 58).  Instead, Plaintiffs allege that the pre-order of various items "was nothing but a scam to entice customers, procure customers' moneys, and abscond with customers' moneys."  (*Id*. ¶ 59).  Plaintiffs further allege that "at no point did Defendants actually intend to fulfill the pre-ordered items, and hundreds if not thousands of consumers, to date are left without moneys nor the ordered items."  (*Id*. ¶ 60).  Defendants were instead "praying upon the excitement of consumers," who are "avid collectors," to take "thousands of dollars" while "having no intention, whatsoever, of fulfilling the orders."  (*Id*. ¶ 61).

Plaintiffs also allege that due to the high volume of consumer complaints concerning Anovos's failure to deliver purchased items, on January 27, 2016, the Better Business Bureau ("BBB") sent a certified letter to Anovos addressing complaints similar to Plaintiffs' and denouncing the fact that consumers were not receiving their orders.  (*Id*. ¶ 63).  After receiving no response from Anovos, BBB sent a follow up certified letter to Anovos in March of 2016, but Anovos failed to respond or improve its practices.  (*Id*. ¶ 65).  It was not until June 18, 2019 when Anovos finally contacted BBB and stated that it was working diligently to ship products that have been ordered.  (*Id*. ¶ 66).  However, numerous consumers are still waiting on their products they purchased in 2016, and to date cannot get refunds.  (*Id*. ¶ 67).

Despite Defendants' knowledge that the orders were not being fulfilled, in spite of the representations being made to consumers and money being taken from consumers, Anovos, working jointly with Lucasfilm, continued and continues to entice consumers to make purchases on its website, take consumers' moneys, and represent to consumers that the orders would be fulfilled.  (*Id*. ¶ 64).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

In all, Plaintiffs allege that Anovos has charged Plaintiffs in excess of $40,000
for Anovos Products licensed by Licensors.  (*Id*. ¶ 23).  The specific experiences of the
named Plaintiffs, as alleged in the FAC, are detailed below.

### *Plaintiff Arthur Catalano*

Catalano alleges he was "intrigued" by Anovos's products.  (*Id*. ¶ 69).  On
September 4, 2016, Catalano made his first of two purchases on Anovos's websites,
buying a Star Trek: Beyond – Starfleet Survival Suit Jacket.  (*Id*. ¶¶ 70-71).  Catalano
paid $580.54 in full, inclusive of shipping and taxes.  (*Id*. ¶ 72).  Catalano alleges that
Anovos misrepresented on its website that the order would arrive in the first quarter of
2017 when he made the purchase.  (*Id*. ¶¶ 73-74).  However, each quarter that went by
Catalano continued to receive an automatic email that his order would be delayed.  (*Id*.
¶ 75).  For example, on or about June 2017, Catalano was notified via email that the
jacket "was in production with the manufacturer" and the new shipping estimate was
"summer 2017."  (*Id*. ¶ 76).  Catalano received similar emails in August, September,
and November 2017.  (*Id*. ¶¶ 77-79).  Catalano received similar emails in February,
April, June, and August of 2018.  (*Id*. ¶¶ 80-83).  To date, the order has not arrived.
(*Id*. ¶ 84).

Still under the impression that Anovos would fulfill his first order, on November
7, 2017, Catalano made a second order for a "Star Trek Discovery Starfleet Phaser
Pistol Interactive Prop Replica."  (*Id*. ¶ 85).  That same day, he paid $572.27, inclusive
of shipping and taxes.  (*Id*. ¶ 86).  This order had similar false representations regarding
the delivery date as his first order.  (*Id*. ¶ 87).  This order has still not been fulfilled.
(*Id*. ¶ 88).  Had Catalano knew the truth, he would not have made these purchases.  (*Id*.
¶ 89).  For each of these orders, Catalano entered into a purchase agreement with
Anovos whereby he "check[ed] off an 'agree' box at the time of his online purchase."
(*Id*. ¶ 210).

### *Plaintiff Matthew Fernandes*

Fernandes alleges that Defendants' marketing induced him to purchase a "Star
Wars: The Last Jedi First Order Stormtrooper Helmet Accessory'" for $277.60,

_____

CIVIL MINUTES—GENERAL                                             6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020**
**Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.**

inclusive of shipping, tax, and handling, on January 17, 2018.  (*Id.* ¶¶ 90, 92).
Fernandes alleges he was "further inclined" to make this purchase due to Anovos's
false representations that the Stormtrooper Helmet Accessory would be delivered in the
fall of 2018, which were on Anovos's website.  (*Id.* ¶ 91).  Fernandes alleges he made
this purchase "with the reasonable expectation that he would receive" his product.  (*Id.*
¶ 93).  This expectation came from Anovos's "blogs and reassurances that despite the
fact that Anovos's estimated shipping dates came and went . . . Fernandes could expect
his fully paid for product soon."  (*Id.* ¶ 95).  When Fernandes made his purchase, he
had no reason to know, and did not know, that over a year and a half later he would not
receive his purchase nor a refund.  (*Id.* ¶ 94).

        On or around September 17, 2018, Fernandes received an email from Anovos
which stated, in part, that while Anovos has "previously planned to receive these items
in time to deliver to customers this Fall," after "reassessing current timelines and other
projects with the production team responsible for these helmets, we have to reschedule
the future delivery project of the current run to Winter 2018."  (*Id.* ¶ 96).  Despite these
assurances, Fernandes's product was not delivered in winter of 2018, so in 2019,
Fernandes reached out on numerous occasions to request a refund.  (*Id.* ¶¶ 97, 99).  In
response to Fernandes's inquiries, he alleges that Anovos repeatedly assured him that
his products would arrive shortly, first by March 2019, and then by June 20, 2019, and
represented that the production of Fernandes's product was completed.  (*Id.* ¶ 100).
Anovos then ceased communicating with Fernandes, and to date Fernandes has not
received a refund and has not received his product.  (*Id.* ¶¶ 101, 103).  Just like with the
other Plaintiffs, Fernandes "agreed to and accepted Anovos's terms and conditions."
(*Id.* ¶ 218).

        To date, Anovos is still selling the pre-ordered item, making similar
representations regarding its delivery.  (*Id.* ¶ 98).

        In response to the above, in May 2019 Fernandes contacted the coordinator of
Lucasfilm's licensing to complain regarding Anovos's practices.  (*Id.* ¶ 102).  The
representative told Fernandes that she was aware of the issues regarding unfulfilled
orders, and advised Fernandes that she would escalate the issues with Anovos.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

### *Plaintiff Andre Joseph*

Joseph was enticed by Anovos's presence in the comic scene, its advertising, its approval by Lucasfilm, and at the time Anovos's good reputation, so Joseph ordered a "Star Trek: Beyond – Starfleet Survival Jacket" and paid $559.35 for the jacket, inclusive of taxes and shipping.  (*Id*. ¶ 105).  Based on Anovos's representations on its website at the time of purchase, Joseph believed his item would be delivered in the summer of 2017.  (*Id*. ¶ 106).  In August 2017, September 2017, November 2017, February 2018, April 2018, June 2018, and August 2018, Joseph received automatic emails from Anovos, informing him that his item was delayed.  (*Id*. ¶¶ 107-109).

As of January 3, 2019, Anovos reported the jacket to be about finished, but to date, the item has not shipped, and is advertised by Anovos as being scheduled for delivery in Q4 2019.  (*Id*. ¶ 110).

Prior to realizing Anovos's plan to abscond with his money, Joseph purchased a Star Trek Discovery Starfleet Phaser Pistol Interactive Prop Replica for $533.88 on November 11, 2017.  (*Id*. ¶¶ 111-12).  According to Anovos's website, at the time of purchase the latest pre-order item was scheduled for shipment in the Summer of 2018.  (*Id*. ¶ 113).  Joseph received nearly identical notices for his second purchase regarding delays.  (*Id*. ¶ 115).  Despite Anovos's representations that Joseph's orders would be fulfilled, Joseph has never received the items, and has accepted the fact that he will not receive his items.  (*Id*. ¶¶ 116-17).

### *Plaintiff Alexander Alonso*

Alonso purchased a Star Wars Luke Skywalker Rebel Pilot Helmet Accessory on April 18, 2018 for $390.02, because of his "love of Star Wars and [Lucasfilm]'s endorsements of Anovos's products."  (*Id*. ¶ 118).  When making this purchase, Alonso anticipated to receive his purchased items by October of 2018 because Anovos's website had a shipping calendar which stated his product would be shipped in the fall of 2018.  (*Id*. ¶ 119).  Anovos extended the delivery dates quarter by quarter, and while over a year has passed since the original anticipated delivery date, Alonso has not

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

received his purchase, despite performing his obligations (consisting of full payment).
(*Id*. ¶¶ 122-24).

***Plaintiff Randolph Jones***

Jones purchased a Star Trek: The Final Frontier – Captain Kirk Bomber Jacket
for $350.00 on July 28, 2018.  (*Id*. ¶ 125).  At the time of the purchase, Anovos
misrepresented the product's delivery timeline.  (*Id*. ¶¶ 127-129).  Jones entered into a
payment plan contract with Anovos, and made each payment promptly, believing he
would receive his jacket upon the completion of the payment plan.  (*Id*. ¶¶ 130-32).
Jones also received the standard emails regarding product delay, but to date the jacket
has not been shipped.  (*Id*. ¶¶ 133-34).  Despite these issues, Anovos is currently
selling the same pre-order item on its website with similar representations to
consumers.  (*Id*. ¶¶ 135-36).

***

On April 11, 2019, Anovos announced, on its website, the cause of the shipping
delays Plaintiffs and other consumers were experiencing:  Anovos blamed the issues on
the "cancelations of pre-orders" which "caused a gradual shrinkage of overall
production budget."  (*Id*. ¶ 139).  In other words, "[f]ewer pre-orders led to . . . an
increase in raw goods pricing, increase in per unit cost, a deprioritization of product
and – in some extreme cases – the cancellation of items that no longer met the factory's
minimums."  (*Id*.).  Despite this announcement, Plaintiffs allege that Anovos still has
not delivered any of the products ordered by Plaintiff to date, and Anovos has not
issued any refunds to Plaintiffs or other officials who similarly purchased Anovos's
products.  (*Id*. ¶¶ 141-42).  Instead, Anovos continues to advertise and sell the pre-
ordered items which have yet to be manufactured, and announced a new "all sales are
final" policy whereby no refunds will be given.  (*Id*. ¶¶ 143-44).

Regarding Lucasfilm's culpability, in addition to the May 2019 Fernandes
communication, Plaintiffs allege that "[i]n addition to supplying the photography and
assets necessary for Anovos to recreate and sell Star Wars props and costumes,
[Lucasfilm] has avidly promoted and encouraged consumers to purchase Star Wars

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

licensed products from Anovos." (*Id*. ¶ 148).  Specifically, Lucasfilm, through its
website starwars.com, advertised:  "Looking to crush the Rebellion on a beautiful
beach-world?  You'll need this: Anovos's awesome new *Rogue One: A Star Wars
Story* shore trooper helmet, revealed exclusively here on StarWars.com." (*Id*. ¶ 149).
The same representation promised that the "helmet will ship in January of 2017." (*Id*.).
Additionally, following the San Diego Comic-Con 2016, Lucasfilm published an
article raging about a costume "designed by the folks at Anovos" worn by Adam
Savage.  (*Id*. ¶ 150).

Plaintiffs also allege that consumers complained frequently to Lucasfilm
regarding Anovos, and that these complaints were forwarded to Jessica Santin, who
self-identified as "oversee[ing] the Anovos business relationship." (*Id*. ¶¶ 152-54).
Plaintiffs further allege that Anovos has paid minimum guarantees to Lucasfilm, and is
"further incentivized to have Anovos continue sales in order . . . to collect earned
royalty income therefrom." (*Id*. ¶ 160).  In sum, Plaintiffs allege that Lucasfilm is
responsible for Anovos's conduct and had a duty to supervise Anovos's use of
Lucasfilm's mark because (i) Lucasfilm is the owner of everything Anovos designs,
creates, markets, and sells as Star Wars; (ii) Lucasfilm is responsible for approving
licensed products, packaging, marketing, and collateral materials; (iii) Lucasfilm's Star
Wars logo is on Anovos's website; (iv) Lucasfilm provides Anovos with pieces to be
recreated; (v) Lucasfilm can order Anovos to stop the production of a product which
fails to meet quality standards; (vi) Lucasfilm further promotes the sale of Anovos's
products; and (vii) tens if not hundreds of consumers have reached out to Lucasfilm
directly regarding their missing Anovos's products.  (*Id*. ¶¶ 161-169).

Instead, Lucasfilm profited from Anovos's scheme, and Anovos's illegal actions
were the responsibility of Lucasfilm, leading to liability.  (*Id*. ¶¶ 170, 176).

Based on the allegations above, Plaintiffs assert nine claims for relief: (1) fraud;
(2) breach of contract; (3) violation of California Business & Professions Code
section 17200, *et seq*.; (4) Florida's Deceptive and Unfair Trade Practices Act
("FDUTPA") pursuant to Florida Statutes section 501.201 *et seq*.; (5) N.Y. General
Business Law pursuant to sections 349, 350; (6) Washington's Unfair Business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

Practices Act pursuant to RCW section 19.86, *et seq.*; (7) California Civil Code section
1750, *et seq.* ("CLRA"); (8) negligent misrepresentation; and (9) intentional
misrepresentation.  (*Id.* ¶¶ 192-339).

## II.    **REQUEST FOR JUDICIAL NOTICE**

Plaintiffs request that the Court take judicial notice of a single document, a
webpage from Anovos's website.  (*See* Request for Judicial Notice ("RJN") (Docket
No. 51)).  Defendants did not oppose the RJN.

Under Rule 12(d), if the Court considers matters outside the pleadings in ruling
on a motion to dismiss that motion must be converted into one for summary judgment.
Fed. R. Civ. P. 12(d).  As a general rule, "a district court may not consider any material
beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*,
250 F.3d 668, 688 (9th Cir. 2001). An exception to this general rule exists for (1)
materials that are attached to or necessarily relied upon in the complaint, and (2)
matters of public record.  *Id.* at 688-89.

Defendants argue in their RJN that the webpage which is subject to the RJN is
"generally referenced throughout the [TAC], and Plaintiff's claims are premised on the
webpage."  (RJN at 1).  Specifically, Plaintiffs argue that the TAC alleges "Anovos
sent emails with blog related pages and Plaintiffs relied on deceptive emails containing
links to blogs such as the one" which is subject to the RJN.  Finally, Plaintiffs argue
that "because the webpage derives directly from Anovos's website, its contents should
not be subject to any reasonable dispute by Anovos."  (*Id.*).  The Court concludes that
the requested document is "necessarily relied upon" in the TAC, but determines it
would be improper to judicially notice the truthfulness of the factual statements of the
website.

Accordingly, the RJN is **GRANTED**, and the Court will judicially notice the
existence of the website.  This Order, however, does not rely on the website, so the
RJN could also have been denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:        Richard Dalton, et al. v. Anovos Productions, LLC, et al.

## III.    EVIDENTIARY OBJECTIONS

Plaintiffs filed objections to the Motion on the basis that Defendants "improperly introduce irrelevant, unsupported commentary to bolster their [Motion] without citing to any authority to establish that its introduction is appropriate."  (Docket No. 50 at 1). Specifically, Plaintiffs take issue with "Defendants reference [to] the wholly unsolicited and contradicting commentary regarding Anovos's purported deliveries to Plaintiffs Arthur Catalano and Andre Joseph in footnotes 3 and 4."  (*Id.*).

The statements to which Plaintiffs object are factual statements made by Defendants that both Catalano and Joseph received their products.  (*See* Motion at 4 n.3 ("In truth, Mr. Catalano received his Star Trek Phaser Pistol on or before May 6, 2019, three months before he joined this lawsuit as a plaintiff."); *id*. at 6 n.4 ("Mr. Joseph's Star Trek Phaser Pistol was shipped to him on or about December 9, 2019.")).  There is no question that the Court must construe the factual allegations in the TAC as true; therefore, the Court does not rely on the challenged statements in ruling on the Motion. Accordingly, Plaintiffs' objections are **DENIED** *as moot*.

## IV.    LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                          Date:  March 31, 2020
Title:        Richard Dalton, et al. v. Anovos Productions, LLC, et al.

strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Id*. at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."  *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

Fraud-based claims are governed by Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) standard applies to California consumer protection claims, including under the UCL).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]"  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted).  Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106.  Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                         Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

that they have done anything wrong." *Id*. (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

## V.   **DISCUSSION**

Defendants seek to dismiss Plaintiffs' claims for fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, violation of the CLRA, and all claims against Lucasfilm.  (Motion at 1).  The Court agrees that Plaintiffs failed to sufficiently allege any claims against Lucasfilm; pled well, those allegations were not.  However, the Court disagrees with Defendants' remaining arguments; pled well, those allegations were.

### A.   **Plaintiffs' Allegations Regarding Lucasfilm**

Defendants argue that Plaintiffs' claims with respect to Lucasfilm should be dismissed for three reasons.  First, Defendants argue that the TAC alleges no misconduct by Lucasfilm.  (Motion at 17-19).  Specifically, Defendants argue that there are no allegations specific to Lucasfilm in the consumer fraud statutes, other than (i) that Lucasfilm "misleadingly suggests" to Anovos's customers that it can help them with issues, only to ignore them; and (ii) that it continued to license products to Anovos.  (*Id*. at 18).  Defendants argue that these allegations are insufficient, because the Court already determined that the licensing itself was not sufficient to create a "duty," and the communications between Lucasfilm representatives and Anovos's customers do not crate any affirmative duty to hold Lucasfilm liable for Anovos's conduct.  (*Id*. at 19).

Second, Defendants argue that Lucasfilm's alleged actions did not harm Plaintiffs.  (Motion at 19).  Specifically, Defendants point out that "the only damage alleged to have been incurred by Plaintiffs is the money paid for the products they purchased from Anovos" and they "had already purchased the products in question by the time they contacted Lucasfilm."  (*Id*.).  Therefore, Defendants argue it is unclear how Lucasfilm's statements "after the products were purchased influenced [Plaintiffs'] decision to purchase these products months before."  (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

Finally, Defendants argue that the TAC does not sufficiently plead agency, because the trademark licensing relationship between Lucasfilm and Anovos is "not sufficient to establish agency." (*Id*. at 19-20).  Additionally, Defendants argue that the new allegations about the Lucasfilm employee's email does not establish agency because her conduct did not suggest Anovos was Lucasfilm's agent, and no one relied on her email. (*Id*. at 20).

In opposition, Plaintiffs argue that "Lucasfilm's profitable and active promotion of Anovos's products indicating the shipping dates followed by Anovos's repeated and prolonged failure to deliver the products subjects Lucasfilm to liability under every prong of the UCL." (Opposition at 20).  Specifically, Plaintiffs point to the allegations regarding "Lucasfilm's negligent misrepresentations regarding the dates of delivery while promoting Anovos's products" satisfy the unlawful prong of the UCL. (*Id*.).  Plaintiffs also point to Lucasfilm's active promotion of Anovos's products despite years of delay, and the misleading advertisements, which Plaintiffs suggest satisfy the other prongs of the UCL. (*Id*. at 20-21).

Plaintiffs further argue that a licensor can have liability for actions of the licensee where the licensor "knew about the fraud, participated in gathering profits from the fraud, and actually profited from the fraud." (*Id*. at 21).  Plaintiffs argue that the "relationship between Lucasfilm and Anovos was intertwined" because Lucasfilm "actively promoted, encouraged, and enticed Anovos's sales after it was on actual and constructive notice of Anovos's fraudulent scheme." (*Id*. at 22).  Finally, Plaintiffs argue that they sufficiently pled agency because of the relationship between Lucasfilm and Anovos, including Anovos displaying the logos, Lucasfilm promoting the sale of Anovos's products, and consumers being under the impression that Lucasfilm authorized Anovos to act on Lucasfilm's behalf. (*Id*. at 24-25).

At the hearing, the parties reiterated the above arguments, with Plaintiffs emphasizing that the licensee/licensor relationship should be treated the same as a landlord/tenant relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

The Court agrees with Defendants.  The TAC only asserts three causes of action against Lucasfilm:  (1) violation of the UCL; (2) violation of the FDUTPA; and (3) negligent misrepresentation.  In the Court's previous order, the Court noted that Plaintiff failed to cite a single case holding that any duty of the licensor in a trademark context extends to a licensor being liable for the alleged torts of the licensee, or liable under consumer protection statutes.  (Docket No. 36 at 16-17).  This lack of caselaw has not changed.  Accordingly, liability against Lucasfilm cannot be premised on its licensee/licensor relationship with Anovos.

Plaintiffs also rely on Lucasfilm's "promotion" of Anovos's products in order to support their claim of liability.  There are two allegations in the TAC which specifically discuss Lucasfilm's actual promotion of the Anovos's products, once on starwars.com, and once in an article.  (TAC ¶¶ 149-150).  However, Defendants are correct that these allegations cannot form the basis of liability against Lucasfilm, because it is not alleged that any Plaintiffs saw or relied on the website or the article in purchasing Anovos's products.  As Defendants correctly note, under the UCL "a plaintiff proceeding on a claim of misrepresentation . . . must demonstrate actual reliance on the allegedly deceptive or misleading statements."  (Reply at 15) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326, 120 Cal. Rptr. 3d 741 (2011)).

Next, as to Plaintiffs' allegations that the emails between consumers and the Lucasfilm representative somehow make Lucasfilm liable for Anovos's harm, it is unclear how Plaintiffs were *harmed* by these actions.  Missing are allegations that any of the Plaintiffs relied on these emails at the time of purchase, and Plaintiffs do not convincingly argue how any action by Lucasfilm *after purchase* could have harmed Plaintiffs.

While Plaintiffs attempt to lump in Lucasfilm with Anovos's actions, because Lucasfilm ***had to know*** what Anovos was doing, Plaintiffs do not sufficiently allege that Lucasfilm ***actually knew*** about Anovos's fraud when it made the alleged misrepresentations.  At best, it is alleged that Lucasfilm knew customers were complaining, but that is not the same as alleging Lucasfilm was aware of the fraud.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

As for agency, Defendants are correct that "vicarious liability has no application to actions brought under" the UCL and the FDUTPA.  (Reply at 18) (citing cases).  As for negligent misrepresentation, the Court agrees that the TAC fails to allege facts to establish that Anovos was acting as Lucasfilm's apparent agent.

Plaintiffs were warned that any subsequent motion to dismiss would be granted without leave to amend.  Accordingly, the Motion is **GRANTED *without leave to amend*** with respect to all claims against Lucasfilm.  In the remainder of this Order, the Court examines whether Plaintiffs sufficiently alleged their claims against Anovos.

**B.      Plaintiffs' Fraud, Intentional Misrepresentation, and Negligent Misrepresentation Claims**

Defendants make two arguments as to why Plaintiffs failed to allege a claim for fraud, negligent misrepresentation, and intentional misrepresentation:

***First***, Defendants argue that no misrepresentation has been alleged.  (Motion at 9-12).  Specifically, Defendants identify three different categories of misrepresentations:  (i) that the items would soon be manufactured; (ii) that the items would be shipped to consumers by certain dates; and (iii) that the orders would be fulfilled.  (*Id.* at 10).  However, Defendants fault Plaintiffs for failing to "point to any of these factual misrepresentations made by Anovos to any of the Plaintiffs as to the products they purchased."  (*Id.*).  For the delivery date misrepresentations, Defendants further argue that these are "estimates only" and include a disclaimer that the items are "subject to change in availability . . . at any time and for any reason."  (*Id.* at 11).

***Second,*** Defendants argue that Plaintiffs failed to allege justifiable reliance, because "[n]ot all the Plaintiffs are alleged to have made their purchasing decisions by relying on the estimated delivery dates," calling out Plaintiff's general reliance allegation as "insufficient" and "conclusory."  (*Id.* at 11-12).  Additionally, Defendants argue that the reliance could not have been justified, because "Anovos clearly represented under each advertisement for sale on their website that the delivery dates are only estimates and that they are subject to change at any time."  (*Id.* at 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

In opposition, Plaintiffs respond their claims do not fail "simply because
Plaintiffs did not allege every misrepresentation with respect to every product
purchased with sufficient particularity." (Opposition at 7).  Specifically, Plaintiffs
argue that "[t]he TAC sets forth the precise content of Anovos's alleged typical and
specific misrepresentations, listing the respective dates of the misrepresentations and
content for each Plaintiff." (*Id*.) (citing TAC).  Plaintiffs further argue that the
"estimated" shipping dates were misrepresentations, and the Court can rely on
Anovos's continued assurances regarding delivery dates to support the inference of
fraud.  (*Id*. at 7-9).  This is especially true considering it is alleged Anovos knew "that
it [had] ongoing manufacturing and testing issues." (*Id*. at 9).  Finally, Plaintiffs argue
that fraud claims can be based on "estimates," and reasonable consumers expects the
word "estimate" to mean scheduled to arrive "around, near, or within the estimated
timeframe." (*Id*. at 10).

As for the justifiable reliance element, Plaintiffs argue that they need not "prove
that the representation was the only cause or even the predominant cause" in the
purchasing decision, and instead must prove "that it was a substantial factor in his
decision." (*Id*. at 12).  Plaintiffs argue that "neither Plaintiffs nor any reasonable
consumer would pay hundreds of dollars for items they would not receive" or signed
up to wait "four years . . .  for their prepaid products." (*Id*.).  Finally, Plaintiffs point to
the fact that Plaintiffs delayed in seeking a refund to argue they relied on Anovos's
false statements.  (*Id*. at 13).

At the hearing, the parties reiterated these arguments, with Defendants
emphasizing that justifiable reliance cannot be found in cases, such as this, where the
products at issue were specialized and offered for pre-order, and that Plaintiffs in this
case likely relied on other aspects of the products in question when purchasing other
than the estimated shipping dates.

The Court agrees with Plaintiffs.  The elements of a fraud claim are (1) a
misrepresentation, which includes a concealment or nondisclosure, (2) knowledge of
the falsity of the misrepresentation, i.e., scienter, (3) intent to induce reliance on the
misrepresentation, (4) justifiable reliance, and (5) resulting damages. *Cadlo v. Owens-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:      Richard Dalton, et al. v. Anovos Productions, LLC, et al.

*Illinois, Inc.*, 125 Cal. App. 4th 513, 519, 23 Cal. Rptr. 3d 1 (2004), *as modified* (Dec. 30, 2004).  The "same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance."  *Id.*

Defendants dispute two of the elements here, the misrepresentations and the justifiable reliance.  As to the former, the Court determines that the TAC has alleged specific misrepresentations made by Anovos when selling products to Plaintiffs, including the specific misrepresentations regarding when the products would be delivered.  Many of the allegations in the TAC are supported by photographs of the language on the website and the verbatim emails sent by Anovos.  Accordingly, it seems clear that if the word "estimated" was not in front of the delivery dates provided on Anovos's website at the time of sale, there would be no question that Plaintiffs have stated a claim here.  *See, e.g.*, *Morici v. Hashfast Techs. LLC*, No. 5:14-CV-00087-EJD, 2015 WL 4880670, at *5 (N.D. Cal. Aug. 14, 2015) (denying motion to dismiss fraud claims based on "fraud . . . for statements made concerning the [product] shipping date").

Therefore, Defendants rely on the inclusion of the word "estimate" to argue that there was no fraud here.  However, Plaintiffs are correct that several courts have held that a fraud claim can be based on a party's "estimates."  *See, e.g.*, *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1241–42, 160 Cal. Rptr. 3d 718 (2013) (reversing demurrer because plaintiff "can allege both intentional and negligent misrepresentations based upon [defendant]'s grossly inaccurate estimates"); *Furla v. Jon Douglas Co.*, 65 Cal. App. 4th 1069, 1080, 76 Cal. Rptr. 2d 911 (1998) ("We cannot say that no reasonable jury could conclude that an 'approximation' of square footage which is wildly exaggerated amounts to an actionable misrepresentation of fact.").

The Court agrees that, taking all inferences in Plaintiffs' favor, it cannot determine as a matter of law that no reasonable jury could conclude a shipping "estimate" which turned out to be inaccurate by a matter of years, not weeks or even months, amounts to an actionable misrepresentation.  Additionally, Plaintiffs further allege that these estimates were fraudulent because Anovos ***knew*** it could not actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020**
**Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.**

meet the stated estimated shipping dates.  At this stage, that is sufficient to allege
actionable misrepresentations.

As to the latter, the justifiable reliance element, Defendants may ultimately be
correct that Anovos's inclusion of the fact that the shipping was "subject to change in
availability" and could be changed "at any time and for any reason" means Plaintiffs
could not have justifiably relied on the estimated shipping dates.  However, at this
stage, the Court cannot determine as a matter of law that a reasonable consumer would
not justifiably rely on a product to arrive within months, if not years, of its "estimated"
shipping date despite the language to which Defendants point.

In its previous Order, the Court faulted Plaintiffs for failing to allege "with any
specificity (i) the specific source of the misrepresentations that Defendants allegedly
made to Plaintiffs, (ii) the dates those misrepresentations were made, or (iii) the
specific content of those misrepresentations."  (Docket No. 36 at 18).  Plaintiffs have
cured these deficiencies.

Therefore, the Motion is **DENIED** as to Plaintiff's fraud, intentional
misrepresentation, and negligent misrepresentation claims.

### C.    **Plaintiffs' CLRA Claim**

Defendants next argue that Plaintiffs' CLRA claim fails because while
"Plaintiffs refer to misrepresentations made through social media such as Anovos's
twitter account," Plaintiffs "fail to allege what these specific misrepresentations are,
why the representations are false, and when exactly they saw these misrepresentations."
(Motion at 17).  Defendants also argue that the CLRA claim fails for the same reason
Plaintiff's other fraud-based claims fail.  (*Id*.).

In opposition, Plaintiffs argue that the Plaintiffs alleged the specific dates they
visited Anovos's website, the "various occasions they will see misrepresentations of
delivery dates," and the "false anticipated delivery dates for their items."  (Opposition
at 18-19).  Plaintiffs also argue that they sufficiently alleged they suffered damages

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                    Date:  March 31, 2020
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

(including not having products and being out the money) and that district courts within
the Ninth Circuit have found less specific allegations to satisfy even Rule 9(b).  (*Id*. at
19).

The Court agrees with Plaintiffs.  For the reasons stated above, Plaintiffs have
alleged their fraud-based claims with the requisite particularity under Rule 9(b).
Specifically, the TAC alleges (i) the dates the Plaintiffs visited Anovos's website (TAC
¶¶ 70, 85, 90); (ii) the false anticipated delivery dates provided by the website (*id*.
¶¶ 73, 74, 87, 91); and (iii) that Plaintiffs were harmed by the misrepresentations.  (*Id*.
¶¶ 85, 319).  This is more than sufficient to state a claim under the CLRA.

Accordingly, the Motion is **DENIED** with respect to Plaintiffs' CLRA Claim.

### D.     Plaintiffs' Allegations Regarding Breach of Contract Claim

Defendants also argue that Plaintiffs have failed to allege a breach of contract
claim because Plaintiffs "fail to allege the element of breach."  (Motion at 15).
Specifically, Defendants argue that the breach of contract claim cannot be premised on
shipping dates, because those were "estimates" that were subject to change "at any time
and for any reason."  (*Id*. at 15-16).  Therefore, Defendants argue that "[b]ecause the
original delivery dates were expressly identified as estimates only and not firm dates by
which the products must be delivered, and Plaintiffs acknowledged that these estimated
delivery dates were subject to change, Plaintiffs have no viable claims against Anovos
for failing to deliver the orders by those stated dates."  (*Id*. at 16).  Finally, Defendants
also argue that Anovos "communicated revised shipping or delivery estimates" which
"are approaching soon," and because the orders will be shipped "within a reasonable
timeframe from the revised estimates, Plaintiffs' claims for breach of contract for
failing to deliver the items are premature."  (*Id*.).

In opposition, Plaintiffs first argue that Defendants argument would lead to
"absurd and inequitable results," because by Anovos's logic, they "would then never be
in a breach of contract, even fifty years later."  (Opposition at 14-15).  Plaintiffs argue
that if a contract does not "specify a time for performance, the obligations must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4821-MWF-KS                         Date:  March 31, 2020
Title:        Richard Dalton, et al. v. Anovos Productions, LLC, et al.

performed within a reasonable period of time." (*Id*. at 15) (citing Cal. Civ. Code
§ 1657).  Plaintiffs further argue that the implied covenant of good faith and fair
dealing, which is present in every contract, would prevent Anovos's conduct. (*Id*. at
15-16).  Plaintiffs also cite cases in support of the proposition that whether a breach of
contract can be premised on a delay comes down to the question of whether "the delay
is so extensive that it is beyond a reasonable time contemplated by the parties." (*Id*. at
16-17) (citing cases).

        The Court agrees with Plaintiffs.  In order to assert a breach of contract claim, a
plaintiff must sufficiently allege the (1) existence of the contract, (2) plaintiff's
performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting
damages to plaintiff.  *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124
Cal. Rptr. 3d 256 (2011).  The parties' only dispute here is whether Plaintiffs have
sufficiently alleged Anovos's breach.  The Court determines they have.

        Under Defendants view of the facts, the parties never expressly agreed to a
delivery date.  While the Court views this framework with some skepticism, even under
Defendants' view, the products would still be due to be delivered within a "reasonable"
time.  Cal. Civ. Code § 1657.  "What constitutes a 'reasonable time' for performance is
a question of fact, and depends on the circumstances of each case." *Yue v. Conseco
Life Ins. Co.*, No. CV 08-1506-AHM (JTLx), 2008 WL 5158869, at *7 (C.D. Cal. Dec.
8, 2008) (citing *Consol. World. Invs., Inc. v. Lido Preferred Ltd.*, 9 Cal. App. 4th 373,
381, 11 Cal. Rptr. 2d 524 (1992)).  Here, the Court cannot determine as a matter of law
that a delay of months, and in some cases even years, was "reasonable."  The case cited
by Defendants, which dealt with the sufficiency of the *evidence* supporting the jury's
verdict that the delay was reasonable, does not support Defendants at this stage.  *See A-
Z Bus Sales, Inc. v. City of Burbank*, No. B244867, 2014 WL 971677, at *4 (Cal. Ct.
App. Mar. 13, 2014) (affirming jury verdict because party "proffered substantial
evidence the buses were delivered within a reasonable time").

        In their Reply, Defendants argue that "[t]he actual amount of time Plaintiffs have
been waiting – one to three years . . . – is a reasonable amount of time under the
circumstances and in light of the unique nature of the products." (Reply at 10).  The

---

**CIVIL MINUTES—GENERAL                                                      22**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 19-4821-MWF-KS**                    **Date:  March 31, 2020**
Title:       Richard Dalton, et al. v. Anovos Productions, LLC, et al.

fact finder may ultimately agree with Defendants, but the Court cannot make that determination as a matter of law at this stage of the litigation.

Accordingly, the Motion is **DENIED** with respect to Plaintiffs' breach of contract claim.

**VI.**   **CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED** *without leave to amend* with respect to Plaintiffs' claims against Lucasfilm, and is otherwise **DENIED**. Lucasfilm is **DISMISSED** from the action.  A final judgment will be entered upon the completion of the action.

Anovos must file an answer to the TAC by **April 27, 2020**.

IT IS SO ORDERED.