**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Fax: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio S., Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*
Arthur Catalano, Matthew Fernandes,
Andre Joseph, Alexander Alonso, and Randolph Jones

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DALTON, MATTHEW FERNANDES, ANDRE JOSEPH, ALEXANDER ALONSO, AND RANDOLPH JONES**,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANOVOS PRODUCTIONS, LLC DISNEY LUCASFILM LTD., NBCUNIVERSAL MEDIA, LLC, AND CBS STUDIOS, INC.,<br><br>Defendants. | Case No.:  2:19-cv-04821-MWF-KS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION TO REOPEN CASE PURSUANT TO FRCP 60(b)**<br><br>Hon. Michael W. Fitzgerald<br>Date: May 3, 2021<br>Time: 10 a.m. |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3    The Court should reopen this case for the purpose of issuing an order compelling

4    defendant Anovos Productions, LLC ("Anovos" or "Defendant") to comply with the

5    terms of the settlement agreement reached between the parties on or around August 4,

6    2020. Defendant has failed to pay monthly installments to Plaintiffs' counsel in

7    October, November, December, January, and February. Pursuant to the settlement

8    agreement between the parties, this Court is the proper venue for enforcing the

9    agreement, and the parties stipulated in the Settlement Agreement that this Court retain

10   jurisdiction for the purposes of enforcing the settlement.

11

## II.   BACKGROUND

12   After thorough settlement discussions, the parties resolved this matter on August

13   4, 2020. *Declaration of Yana A.  Hart* ("Decl. Hart"), ¶5. Defendant agreed to settle

14   the named Plaintiffs' claims, as well as the individual claims for certain other class

15   members who were clients of Plaintiffs' counsel. *Id.* at ¶6. Defendant also agreed to

16   pay Plaintiffs' counsel an amount designated as attorney's fees. *Id.* at ¶ 7. Defendant

17   has failed to comply with the terms of the settlement. *Id.* at ¶11. Further, Defendant has

18   failed to respond to demands from Plaintiffs' counsel to discuss resolution of

19   Defendant's failures. *Id.* at ¶¶12-13. Unfortunately, Defendant's counsel has recently

20   informed Plaintiffs' counsel that they no longer represent Defendant. *Id.* at ¶14.

21   Plaintiffs' counsel cannot speak to Defendant directly because Defendant's counsel is

22   listed as an attorney representing Defendant (i.e. was not formally withdrawn), and is

23   also listed as a contact party under the settlement agreements. *Id.* at ¶15. Therefore,

24   Plaintiffs' counsel could not conduct effective meet and confer conference on this

25   matter with counsel. *Id.* at ¶16. Plaintiffs intend to serve Defendant directly through a

26   process server with Plaintiffs' motion. *Id.* at ¶16.

27

28

**MOTION TO REOPEN CASE**                              *Dalton et al. v. Anovos Productions, LLC et al.*
                                                       Case No.: 2:19-cv-04821-MWF-KF

1   The terms of the agreement breached by Defendant were material terms which
2   were the basis for Plaintiffs' agreement to dismiss this case. *Id*. at 17. Both Defendant
3   and the Plaintiffs agreed that the Central District of California would retain jurisdiction
4   over any disputes arising out of or in connection with the settlement agreement. *Id*. at
5   ¶8. If the court grants Plaintiffs' motion to reopen this case, Plaintiffs intend to file a
6   motion to enforce the terms of the settlement agreement. *Id*. at ¶18.

7       Plaintiffs respectfully request an order by this Court reopening this case pursuant
8   to Fed. R. Civ. Proc. 60(b)(6) in order for this Court to decide a motion to enforce the
9   settlement agreement reached by the parties to this action.

10  **III.   ARGUMENT**

11          **a.  This Court Should Reopen the Case for the Purpose of Enforcing**
12              **the Settlement Agreement.**

13                  **i.  Legal Standard to Reopen Case Under Federal Rule of Civil**
14                      **Procedure 60(b)(6).**

15      "Federal Rule of Civil Procedure 60(b)(6) provides that a court 'may relieve a
16  party or its legal representative from a final judgment, order, or proceeding for ... any
17  ... reason that justifies relief.'" *Zurich American Insurance Company v. Peterson-Dean,*
18  *Inc.* No. 13-cv-05758-DMR, 2017 WL 2834111 at * 2 (C.D. Cal. 2017). "'Generally,
19  only "extraordinary circumstances" justify relief under the rule.'" *Zurich American*
20  *Insurance Company*, 2017 WL 2834111 at *2 (*citing Keeling v. Sheet Metal Workers*
21  *Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991)). "Repudiation of a
22  settlement agreement that terminated litigation pending before a court constitutes an
23  extraordinary circumstance, that justifies vacating a dismissal order under Rule
24  60(b)(6)." *Zurich American Insurance Company*, 2017 WL 2834111 at *2 (*citing*
25  *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th
26  Cir. 1991)).

27  //

28

## ii. Defendant's Actions Justify Reopening this Case to Enforce the Terms of the Settlement.

In *Zurich*, a settlement agreement was reached between the parties to the action, and the court issued an order of dismissal and closed the case. *Zurich American Insurance Company*, 2017 WL 2834111 at *2. However, the Defendant soon failed to make a $100,000 installment payment pursuant to the settlement agreement and failed to cure the breach. *Id*. By the clear, unambiguous terms of the settlement agreement, the Southern District of California was to retain "jurisdiction over the Parties in order to (a) enforce the terms of this Agreement, (b) resolve any disputes relating to or arising under this Agreement, and/or (c) enter and enforce any judgment pursuant to Paragraph 4 of this Agreement." *Id*. Paragraph 4 of the agreement discussed the consequences of the defendant's failure to pay. *Id*. Despite the court having previously dismissed and closed the case, the court in *Zurich* found that the defendant's failure to pay an installment payment and subsequent failure to cure its default constituted an "extraordinary circumstance" which warranted reopening of the case. *Id.* at 3.

Here, the parties entered into a final settlement agreement which was the basis for terminating the litigation. *Decl. Hart*, ¶ 18. Part of the agreement involved a stipulation that this Court retain jurisdiction for purposes of enforcing the agreement. *Id*. at ¶21. Further, Defendant has failed materially to comply with the terms of the settlement agreement which was the reason for the termination of the litigation. *Id.* at ¶18. As in *Zurich*, where the defendant has defied the agreement which was the cause of the termination of the litigation, the court has cause to reopen the case under Fed. Rule. Civ. Proc. 60(b)(6). *Zurich American Insurance Company*, 2017 WL 2834111 at *3.

Therefore, this court should find good cause to reopen this case and decide Plaintiffs' motion to enforce the settlement agreement.

//

**MOTION TO REOPEN CASE**                                    *Dalton et al. v. Anovos Productions, LLC et al.*
                                                             Case No.: 2:19-cv-04821-MWF-KF

1

## IV. RELIEF REQUESTED

2        Plaintiffs respectfully request an order reopening this case pursuant to Fed R.

3   Civ. Proc. 60(b)(6) for the purposes of allowing Plaintiffs to file a motion to enforce

4   the settlement agreement agreed upon by the parties.

5

6                                    **KAZEROUNI LAW GROUP, APC**

7   Date: March 31, 2021                 By: *s/ Yana Hart*

8                                        Yana A. Hart, Esq.

9                                        *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28