UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-4821-MWF (KSx)        **Date:** May 26, 2021
**Title:** Arthur Catalano, et al. v. Anovos Productions, LLC et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:      Court Reporter:
Rita Sanchez      Not Reported

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:
None Present      None Present

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ANOVOS PRODUCTIONS, LLC [90]

Before the Court is Brianna Dahlberg's unopposed Motion to Withdraw as Counsel for Defendant Anovos Productions, LLC (the "Motion"), filed on April 23, 2021. (Docket No. 90).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on May 24, 2021, pursuant to General Order 21-07 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED**. Brianna Dahlberg shall be permitted to withdraw from her representation of Defendant Anovos Productions, LLC ("Anovos").

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "The motion for leave to withdraw must be supported by good cause." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L. R. 83-2.3.5.

In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *See Stewart v. Boeing Co.*, CV 12-5621-RS (WLx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also look to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4821-MWF (KSx)**            **Date:  May 26, 2021**
**Title:**     Arthur Catalano, et al. v. Anovos Productions, LLC et al.

applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, C-09-3219-JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

      Ms. Dalhberg asserts that Anovos owes her firm a substantial amount of money for legal services previously rendered.  A representative from Anovos appeared at the hearing and explained that its business was struggling financially due to the pandemic, and that it was struggling to pay its bills, including monies owed to Ms. Dalhberg's firm.

      Courts have held that the failure to pay attorneys' fees is a proper ground for withdrawal.  *See id.*; *see also Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020) ("Failure to pay attorney's fees constitutes good cause for such withdrawal.").  In addition, California Rule of Professional Conduct 1.16(b)(5) allows an attorney to withdraw from representation where the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]"

      Ms. Dalhberg has demonstrated good cause for withdrawal.  Anovos breached its agreement with Ms. Dalhberg's firm by failing to pay for legal services rendered as promised.  (*See* Motion at 2-3).  The Court will not force Ms. Dalhberg or her firm to work for free.  Anovos was also warned that its continued failure to pay the past-due balance would result in Ms. Dalhberg and her firm withdrawing as counsel in this matter.

      Accordingly, the Motion is **GRANTED**.  Ms. Dalhberg is granted leave to withdraw and will be deemed withdrawn as counsel of record.  The docket shall reflect the withdrawal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-4821-MWF (KSx)                 **Date:** **May 26, 2021**

Title:     Arthur Catalano, et al. v. Anovos Productions, LLC et al.

      Corporations must appear in federal court through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court). Accordingly, because Anovos cannot proceed pro se in this action, it must file notice with the Court no later than **July 12, 2021**, stating that it has either paid the outstanding balance to Ms. Dalhberg's firm and the firm has agreed to continue representing Anovos, or that Anovos has retained new counsel.

      Until Anovos files its notice with the Court regarding retaining counsel, the action is **STAYED**. The stay will be lifted *one week after* the above-referenced notice is filed, or on **July 13, 2021**, whichever first occurs.

      IT IS SO ORDERED.